# IN THE UNITED STATES FEDERAL DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

### SOUTHERN DIVISION



SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

APR 1 6 2007

J. T. NOBLIN, CLERK
BY_____ DEPUTY

**RODERICK CLARK MILLER**                              **PLAINTIFF**

**VS.**                 **CIVIL ACTION NO.:** 1:07cv541LG-JMR

**HARRISON COUNTY, MISSISSIPPI,**
**by and through its Board of Supervisors,**
**HARRISON COUNTY SHERIFF**
**DEPARTMENT, SHERIFF GEORGE**
**PAYNE, officially and in his individual**
**capacity, DIRECTOR OF CORRECTIONS**
**MAJOR DIANNE GATSON-RILEY,**
**officially and in her individual capacity, BOOKING**
**SUPERVISOR CAPTAIN RICK GASTON,**
**officially and in his individual capacity, TRAINING**
**DIRECTOR CAPTAIN PHIL TAYLOR, officially**
**and in his individual capacity, CENTRAL CONTROL**
**OFFICER PRESTON WILLS, officially and in his**
**individual capacity, BOOKING ROOM DEPUTY**
**JERRED MARK NECAISE, officially and in his individual**
**capacity, BOOKING ROOM DEPUTY CATHERINE**
**PAVOLINI, officially and in her individual capacity,**
**AMERICAN CORRECTIONAL ASSOCIATION, and**
**OTHER UNKNOWN JOHN and JANE DOES A-Z,**
**also in their official and individual capacities**                 **DEFENDANTS**

## COMPLAINT
### (THE PLAINTIFF DEMANDS A TRIAL BY JURY)

COMES NOW, the Plaintiff, **Roderick Clark Miller**, in the above styled and numbered civil

action, by and through his counsel of record, Michael W. Crosby, who files this his Complaint

-1-

against the aforementioned Defendants, both known and unknown at this time.  In support of this

civil action, the Plaintiff states, avers and gives notice of the following:

## PRELIMINARY STATEMENT

1.      This is a Federal Civil Rights action brought as a result of what the Plaintiff believes was

a blatant violation of, *inter alia,* the federal civil, constitutional and human rights of the Plaintiff,

Roderick Clark Miller, who while in the custody of the Harrison County Sheriff Department on or

about April 17, 2004, was beaten, punched and kicked so severely that he later needed emergency

room medical attention that he received at the Biloxi Regional Medical Center.  His injuries were

so severe that the Biloxi Regional Medical Center's ER nurse on duty, a male nurse by the name of

Beverly, filed an telephonic complaint of the assault to Mr. Miller's person with Sgt. Rogers of the

Harrison County Sheriff's Department the very day the Plaintiff presented himself to the emergency

room.  Even a day after the beating, his injuries remained severe, shocking to the conscious.  As a

direct and proximate consequence of the injuries suffered by the Plaintiff at the hands of certain

Harrison County Deputies, he sustained severe, extreme and aggravating injuries to his head, face,

right shoulder, body as a whole and internal organs.  These injuries required surgery for the injury

sustained to the Plaintiff's right shoulder.  Furthermore, as a direct and proximate consequence of

the beating sustained by the Plaintiff, the Plaintiff's rights under certain federal statutes, to include

42 U.S.C. Sections 1983, 1985, and 1986, together with certain rights under the Constitutions of the

United States of America and the State of Mississippi were violated.  Therefore, the Plaintiff,

Roderick Clark Miller, files this action and prays for the relief set forth in the following paragraphs.

## STATEMENT OF THE FACTS

**2.**     For years prior to April 17, 2004, arrested individuals in the booking room were subjected to unnecessary and unreasonable acts of violence at the hands of various Harrison County deputies. The abuse, for the most part, was directed at and exploded upon those who failed to obey, in the exact manner, orders, customs and/or procedures of the jail, whether known or unknown to the detainees while in the booking room.  Additionally, these acts of violence were also meted out against individuals who were being detained in the booking area of the Harrison County jail who irritated or annoyed  the deputies on duty or who the deputies simply wanted to teach a lesson for one reason or another.

**3.**     On or about April 17, 2004, while the Plaintiff, Roderick Clark Miller was at his place of residence located on Old Highway 49 in Saucier, Mississippi, the Gulfport Police Department and the Harrison County Sheriff's Department were called regarding an alleged domestic situation.  Mr. Miller's girl friend attacked him, while he was taking a bath and scratched him in his chest causing him to sustain certain minor injuries.  Afraid that Mr. Miller would call the police when he got ot of the bath tub, his girlfriend called the police and before he could get dressed good, he heard a males voice calling for him from within the home.  Needless to say, as in so many instances, the police did not want to hear what Mr. Miller, the male involved in the situation had to say, so he was immediately handcuffed and told that he was "not under arrest" and that he was simply "being detained" until they (the police) could determine what was going on at the home.

**4.**     After speaking to Mr. Miller's girlfriend, the police put him in the patrol car, where they left him for some twenty to thirty minutes.  Afterwards, Harrison County Deputy Judy, advised Mr. Miller that he was going to transport him to the Harrison County jail.  When Mr. Miller questioned

Deputy Judy further, Deputy Judy simply said, "shut up, you can tell it to the judge." Thereafter, there was silence in the patrol car as Mr. Miller was transported to the Harrison County jail.

5.     It is important to note, that about two or three weeks prior to this incident, Mr. Miller was seen by his doctor. At that time, the doctor advised him that he had probably had a stroke or was experiencing some bleeding in the brain. Consequently, his doctor prescribed EZOL, a non-narcotic headache medication, for Mr. Miller to take. Gulfport Police Officer Walker, upon initially taking Mr. Miller into custody, retrieved from Mr. Miller's pocket a prescription bottle with his name on it containing the EZOL. Mr. Miller informed Officer Walker that he needed to take a dose at that time but he refused to give him the medication. Mr. Miller continued to inform both the Gulfport Police Office and the Harrison County Deputy who detained and arrested him that he suffered from severe migraines and that he needed his medication. Needless to say with everything that going on at the time, Mr. Miller began experiencing severe and debilitating migraine of which he began to complain about to anyone who would listen.

6.     Upon arriving at the Harrison County jail, the Plaintiff, Roderick Clark Miller, was placed in booking room cell #5. By this time the migraine had drastically intensified and he was crying out for help from to anyone to provide him with a dose of his medication or any type of pain relief medicine. Instead of getting the needed medication, Deputy Jerred Necaise, yelled to Deputy Preston Wills, who was in the control booth, to "open cell #5". Necaise then made his way to the entrance of the cell and began slamming the door. This further exacerbated the pain and torment Mr. Miller was experiencing. The Plaintiff placed his fingers in his ears but he found little or no relief. All at the same time, Necaise also yelled expletives at the Plaintiff, such as "I 'm going to help your _ _ _ _  _ _ _ headache." After slamming the door several times, he, that is, Deputy

Jerred Necaise, stepped back away from the door and began putting on his black leather gloves.

7.      After putting on his glack leather gloves, Necaise return to cell #5 and he instructed me to "stand up!"  At this time, a female deputy by the name of Pavolini was guarding the door.  After ordering Mr. Miller stand, Necaise then pointed to a spot on the floor and further instructed the Plaintiff to step forward to the location in the cell where he was pointing.  When the Plaintiff complied, Necaise began to attack Mr. Miller by first pushing him backwards causing his head to strike the cell wall and then by punching, slapping and just simply beating him like a punching bag. At some point, Mr. Miller was dragged across a bench in the cell towards the door at which time Deputy Catherine Pavolini joined in the abusive conduct when she started kicking Mr. Miller in the ribs, sides, legs, right shoulder and head all at he same time she said, "this will teach you to hit a woman and a baby."  After some time of suffering from this sustained beating and unnecessary physical abuse, Necaise put his knees in the Plaintiff's back and bent his arm backwards and up (like a chicken wing) while Deputy Catherine Pavolini continued to kick Mr. Miller.  It was not until Necaise got tired and was out of breath that the beating and physical abuse ceased.  After stopping, Necaise stands up next to the left side of the Plaintiff and says, "this is my world mother _ _ _ _ _ _, I told you I will kill you."  Necaise then kicks the Plaintiff one last time and walks towards the cell door.  While the Plaintiff was still lying helplessly on the floor,  Necaise, walking out of booking room cell #5 says finally, "if I come in here again, you will die."

8.      The Plaintiff is of the opinion that other abusive conduct occurring before the incident in question involved the ordering of detainees and/or arrestees into the shower/dressing room areas which were not subject to surveillance where  the booking deputies would engaged in similar abusive conduct against and perpetrated upon detainees and/or arrestees by taunting them (those

detained and/or arrested), and inciting them to defend themselves and then the deputies would force the "confrontation" into an area that was being surveyed to give the impression that the deputies were being assaulted and the abuse would begin in earnest. The deputies would usually use the smaller detainees and/or arrestees when they engaged in such conduct. They were usually beat unmercifully.

9.    Such abusive conduct is believed to have taken place against all races and both genders. Injuries included many black eyes, broken bones, injured muscles, concussions, and psychological damage beyond description.

10.    While being booked in to the Harrison County jail, the deputies took certain personal property from the Plaintiff. One of the items taken was his keys to his vehicle and home. Oddly enough, when Mr. Miller was released on April 18, 2004, his keys were not found among his personal belongings. When he asked about the same of Deputy Preston Wills, as he was leaving the jail, Deputy Wills called Deputy Necaise who advised that the Plaintiff was "leaving with what he came in with." The Plaintiff later learned that his girlfriend's friend, Derrick Hewes, who was a former bail bondsman and friends with certain Harrison County Deputies, obtained on her behalf the Plaintiff's keys from his personal belongings that had been taken into custody by the Harrison County booking officers when he was booked into custody. The girlfriend and her mother traveled to the jail on the day the Plaintiff was booked into custody and retrieved the keys, which were never returned to the Plaintiff.

11.    Additionally, as the Plaintiff was preparing to leave the jail and was ordered to change his clothing in the shower/dressing room, Necaise told him to he had "better hurry the _ _ _ _ up before I come in there and get you . . . . You know what happened to you last night." This threat terrified

-6-

me. Finally, Wills, while escorting the Plaintiff out of the jail, told him to "keep walking, shut up before I kick your ass. You are lucky I was not in there last night or you would be in the hospital."

## PARTIES

12.     The Plaintiff is an adult was a citizen of the United States of America and the State of Mississippi wherein he resided in Harrison County, First Judicial District. The injuries inflicted upon the Plaintiff were done so while he was being held on a misdemeanor charge in the Harrison County Adult Detention Center in Gulfport, Mississippi, while the Center was under the supervision and control of the Defendants, Sheriff George Payne, his deputies, Harrison County and the Harrison County Board of Supervisors.

13.     The Defendant, Harrison County, Mississippi, is a political subdivision of the State of Mississippi and is the entity responsible for the oversight and funding of the Harrison County Sheriff Department. This Defendant may be served with process by effecting the same upon the president of the Board of Supervisors, Ms. Connie Rocko, and/or the Chancery Clerk for Harrison County, Mississippi, Mr. John McAdams at Harrison County Courthouse in Gulfport, Mississippi.

14.     The Defendant, the Harrison County Sheriff Department, is a political entity or subdivision organized to provide security and safety to and for the citizens of Harrison County, Mississippi. This Defendant may be served with lawful process by serving Sheriff George Payne, or his designee, at the Harrison County Courthouse in Gulfport, Mississippi or at the Harrison County Adult Detention Center at 10451 Larkin Smith Drive Gulfport, Mississippi.

15     The Defendant, George Payne, is an adult resident citizen of Harrison County, Mississippi, First Judicial District. At all times material hereto this Defendant was the duly elected Sheriff of Harrison County, Mississippi, vested with the responsibility and authority to hire, train, supervise,

set policies and procedures, enforce the policies and procedures adopted or otherwise implemented and to provide protection to the citizens of Harrison County, Mississippi, to include the Plaintiff. This Defendant is sued in his official and his individual capacities. He may be served with lawful process at the Harrison County Courthouse in Gulfport, Mississippi, or by effecting service upon his duly authorized designee, at the Harrison County Courthouse in Gulfport, Mississippi, or at the Harrison County Adult Detention Center at 10451 Larkin Smith Drive Gulfport, Mississippi.

16.     The Defendant, Major Dianne Gatson-Riley, Director of Corrections, is an adult resident citizen of Harrison County Mississippi. She is sued in her official and individual capacities. At all times material hereto she was employed by the Defendants, Harrison County, Mississippi, Sheriff George Payne and/or the Harrison County Sheriff Department. She was directly responsible for overseeing the administration of the Harrison County Adult Detention Center, developing, implementing and enforcing policies and procedures regarding the conduct of officers, their training, hiring and firing, the handling and/or processing of persons being detained, and for protecting the rights, privileges and immunities of every person in the custody of the Harrison County Adult Detention Center. She may be served with lawful process at her place of employment the Harrison County Adult Detention Center 10451 Larkin Smith Drive Gulfport, Mississippi.

17.     The Defendant, Captain Rick Gaston, Booking Supervisor, is an adult resident citizen of Harrison County Mississippi. He is sued in his official and individual capacities. At all times material hereto he was employed by the Defendants, Harrison County, Mississippi, Sheriff George Payne and/or the Harrison County Sheriff Department, and he was in charge of devising policies and procedures regarding the booking process, the handling of persons being detained and/or processed in booking, supervising the booking personnel, implementing and enforcing such policies and

procedures and generally overseeing the entire booking process, to include overseeing the training of Deputies and evaluating their continued performance. He may be served with lawful process at his place of employment the Harrison County Adult Detention Center 10451 Larkin Smith Drive Gulfport, Mississippi.

18.    The Defendant, Captain Phil Taylor, Training Director, is an adult resident citizen of Harrison County Mississippi. He is sued in his official and individual capacities.  At all times material hereto he was employed by the Defendants, Harrison County, Mississippi, Sheriff George Payne and/or the Harrison County Sheriff Department and he was in charge of the training provided to the members of the Harrison County Sheriff Department, to include those assigned to the booking department. He may be served with lawful process at his place of employment the Harrison County Adult Detention Center 10451 Larkin Smith Drive Gulfport, Mississippi.

19.    The Defendant, Deputy Pavolini, is an adult resident citizen of Harrison County Mississippi. She is sued in her official and individual capacities. At all times material hereto she was employed by the Defendants, Harrison County, Mississippi, Sheriff George Payne and/or the Harrison County Sheriff Department, and she was the Central Control Officer charged with the responsibility to observe the surveillance cameras in the Harrison County Adult Detention Center, to include the booking department. She may be served with lawful process at her place of employment the Harrison County Adult Detention Center 10451 Larkin Smith Drive Gulfport, Mississippi.

20.    The Defendant, Deputy Preston Wills, is an adult resident citizen of Harrison County Mississippi. He is sued in his official and individual capacities.  At all times material hereto he was employed by the Defendants, Harrison County, Mississippi, Sheriff George Payne and/or  the Harrison County Sheriff Department, and on the date in question he was assigned to the booking

department and was present while the Plaintiff was being abused and beaten. He may be served with lawful process at his place of employment the Harrison County Adult Detention Center at 10451 Larkin Smith Drive Gulfport, Mississippi.

21.    The Defendant, Deputy Necaise, is an adult resident citizen of Harrison County Mississippi. He is sued in his official and individual capacities. At all times material hereto he was employed by the Defendants, Harrison County, Mississippi, Sheriff George Payne and/or the Harrison County Sheriff Department, and on the date in question he too was assigned to the booking department and was present while the Plaintiff was being abused and beaten. He may be served with lawful process at his place of employment the Harrison County Adult Detention Center at 10451 Larkin Smith Drive Gulfport, Mississippi.

22.    The American Correctional Association (ACA) is a national association that incorporated in the State of Delaware. The ACA's goal is, in exchange for a fee, to assess a correctional facility's training, standards, policies and procedures and to provide acceptable policies, standards, training and procedures in an effort to make a "'good faith' effort to improve conditions of confinement" of persons detained in one of their accredited facilities such as the Harrison County Adult Detention Center. The ACA may be served with lawful process by effecting the same upon its Executive Director, James A. Goudles Jr., or its President, Gwendolyn C. Chunn, at 4380 Forbes Boulevard Lanham Maryland, 20706-4322.

23.    The Defendants', Unknown John and Jane Does, identities are not known to the Plaintiff at this time. However, it is believed that they are adult resident citizens of Harrison County Mississippi and through the discovery process it is believed that their identities will become known and at that time the Plaintiff will seek leave of this Honorable Court to amend his Complaint and

identify the unknown persons and serve them with process for wrongs committed and violations against the rights, privileges and immunities of the Plaintiff, all of which it is alleged were committed in their official and individual capacities, as members of the Harrison County Sheriff Department or other individuals acting in concert with such person or persons named as Defendants herein or who may be discovered to have acted in a manner detrimental to the rights, privileges and immunities of the Plaintiff, Roderick Clark Miller.

## JURISDICTION

24.     The Plaintiff herein invokes the federal question jurisdiction of this Honorable Court pursuant to 28 U.S.C. Sections 1331 & 1343 to obtain a judgment for the costs of suit, including reasonable attorneys' fees, and damages suffered and sustained by the Plaintiff and caused by the Defendants' blatant violation of the rights, privileges and immunities of the Plaintiff as guaranteed by the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and by the applicable Federal statutes, more particularly, 42 U.S.C. Sections 1983, 1985(3), 1986 & 1988.    Additionally, this Honorable Court has jurisdiction to adjudicate the pendent or supplemental state claims that arose out of the same course of conduct giving rise to the principal claims of the Plaintiff as herein stated. Finally, the Plaintiff's action for declaratory and injunctive relief is authorized pursuant to 28 U.S.C. Sections 2201 & 2202.

## VENUE

25.     Venue is proper in this jurisdiction and district pursuant to 28 U.S.C. Section 1391(b) because a substantial part of the real and immediate harm sustained by the Plaintiff occurred in this judicial district and division.

### COUNT I
### ACTION FOR DEPRIVATION OF CIVIL RIGHTS

## (42 U.S.C. SECTION 1983)

**26.**    The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the forgoing paragraphs.

**27.**    At all times material hereto, the Defendants were vested with the state authority and the non-delegable responsibility and duty of adhering to, complying with and enforcing the laws of the United States of America and the State of Mississippi.  Consequently, while acting under color of state law, the Defendants commenced to implement a policy, custom, usage or practice wherein the rights, privileges or immunities of the Plaintiff were violated.  Specifically, the Defendants, jointly and severally, engaged in a course of conduct that resulted in the violation of the Plaintiff's right to the equal protection of the laws of the United States of America, the Fourteenth Amendment to the Constitution of the United States of America and the corresponding provisions of the Constitution of the State of Mississippi, the right to procedural and substantive due process of the law pursuant to the Fifth and Fourteenth Amendments to the Constitution of the United States of America, the right against cruel and unusual punishment pursuant to the Eighth Amendment to the Constitution of the United States of America.  The violations complained of in this Complaint include, but are not limited to, the use of excessive force, beating, torture, deprivation of identifiable civil rights, i.e., liberty and/or property, the unnecessary and wanton infliction of pain in light of the circumstances confronted by the Defendants resulting in a deprivation that was sufficiently serious wherein the Defendants acted, maliciously and sadistically by using excessive force and physical violence designed and intended to cause Mr. Roderick Clark Miller physical, mental and emotional harm, pain, humiliation and/or injury, and thereafter, evidence a deliberate indifference to the immediate, grave and serious medical needs of the Plaintiff and depriving him of the same.

**28.**     As a direct and proximate consequence of the Defendants' actions, the Plaintiff was deprived of certain rights, privileges and immunities secured by the Constitution of the United States of America, the laws of this Nation and the State of Mississippi.  Specifically, the Plaintiff's Fifth and Fourteenth Amendment rights to procedural and substantive due process and equal protection of the laws were violated by the Defendants, together with his Eighth Amendment right proscribing cruel and unusual punishment.

**29.**     At all times material hereto, the Defendants, Harrison County, Mississippi, Sheriff George Payne, the Harrison County Sheriff Department, Major Dianne Gatson-Riley, Captain Rick Gaston and their agents, representatives, subordinate deputies and employees acted pursuant to the policies, regulations, and decisions officially adopted or promulgated by those persons whose acts may fairly be said to represent official policy of or were pursuant to a governmental custom, usage or practice of the  Defendants, Harrison County, Mississippi, the Harrison County Sheriff Department and/or Sheriff George Payne.

**30.**     It is further averred that the Defendants Sheriff George Payne, Major Dianne Gatson-Riley and Captain Rick Gaston, were the governmental officials whose edicts or acts may fairly be said to represent official policy, practices, customs or regulations of the Defendants, Harrison County, Mississippi, and the Harrison County Sheriff Department.   The aforementioned Defendants collectively and individually developed, planned and implemented the policy, custom and/or usage that resulted in and cause the physical and mental abuse of the plaintiff.

**31.**     As a direct and proximate consequence of the Defendants' conduct wherein such Defendants deprived the Plaintiff of certain identifiable rights, privileges and immunities guaranteed by the Constitution of the United States of America, the State of Mississippi and certain federal statutes,

the Plaintiff suffered immediate and irreparable injury to his person resulting in the deprivation of his constitutional rights, privileges and immunities. Consequently, while alive and being beaten by the Defendant Deputies of Harrison County, the Plaintiff experienced extreme pain and suffering, humiliation, degradation, mental distress and severe emotion anguish.

## COUNT II
## ACTION FOR CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
## (42 U.S.C. SECTION 1985)

32.     The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

33.     After the Plaintiff had been transported and delivered into the custody of the Harrison County Sheriff Department's booking room Deputies by the Harrison County Patrolman who arrested the Plaintiff on a misdemeanor charge, certain known and other possibly  unknown members of the Harrison County Sheriff Department put into motion a plan or scheme to deprive the Plaintiff of his constitutional rights, privileges or immunities in an effort to teach the Plaintiff a lesson for complaining about his migraine headache. Their plan was simply cause the Plaintiff to suffer and endure a great deal of pain for the annoyance and inconvenience he had caused in the booking area. This plan culminated in the completion of the plan, scheme and/or agreement and a deprivation of the Plaintiff's constitutional rights when the Plaintiff was so severely beaten, kicked, punched and wrestled to the floor that he needed immediate medical attention of which he was deprived by these Defendants. On information and belief, Preston Wills remained at the Booking Room Control Station, observing everything that was going on in cell #5 of the booking area and did nothing to stop the beating nor to summon anyone else to intervene.

34.     There existed at the Harrison County Adult Detention Center a belief, practice, usage and/or

custom that it was perfectly fine, permitted and encouraged by certain supervisors to beat and/or abuse detainees who may have "talked too much" or "annoyed or inconvenienced" the booking room deputies.

35.     Furthermore, the conspiracy to interfere with the Plaintiff's civil rights manifested itself in the preparation of false reports, the failure to allow the Plaintiff a phone call to contact his family, employer and/or allow him the privilege to contact a bondsman to seek his release on the misdemeanor charges against him and was further evidenced by Sheriff George Payne when, after learning of the incident, he did nothing to address the situation. Deputy Necaise told the Plaintiff that he was aware that the Plaintiff was a casino employee and the he was familiar with the "no-call, no-show" policy and that he, Necaise, was going to deprive the Plaintiff of his telephone call and get him fired. Plaintiff's employment was adversely affected.

36.     Finally, the conspiracy to interfere with the plaintiff's civil rights manifested itself when employees and representatives of Sheriff George Payne and/or other members of the Harrison County Sheriff Department beat, kicked, punched and otherwise used unnecessary and excessive force to cause injuries to the Plaintiff and to cover it up with their threats that they would "kill" the Plaintiff. It is clear from the facts set forth above that the Defendants willfully, maliciously and/or with gross disregard of the Plaintiff's rights agreed and conspired to engage in a course of conduct that resulted in a blatant violation the Plaintiff's constitutional rights through their acts of omission and commission. As a direct and proximate consequence of the Defendants' action on the date in question, the Plaintiff was deprived of his constitutional rights and he was gravely injured. Thus the Defendants are jointly and severally liable to the Plaintiff for the injuries, pain, suffering, humiliation and mental anguish.

## COUNT III
## ACTION FOR NEGLECT OR FAILURE TO PREVENT CONSPIRACY
### (42 U.S.C. SECTION 1986)

**37.**    The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

**38.**    The Defendants, Sheriff George Payne, Director of Corrections Dianne Gatson-Riley, Booking Supervisor Rick Gaston, and unidentified employees of Harrison County, knew or reasonable should have known, prior to this incident involving the Plaintiff and the implementation of the conspiracy to deprive him of his federally protected rights that such activity regularly took place in the Harrison County Sheriff Department booking area. There had been previous incidents of abuse and allegations of unnecessary use of excessive force reported by the Harrison County Adult Detention Center to the ACA when it sought accreditation from the Defendant, ACA. Additionally, the Department itself has documented instances of alleged abuse in its Quarterly Reports submitted to the United States Department of Justice as part of the Consent Judgment entered into by the Harrison County Sheriff's Department and Harrison County and its Board of Supervisors in 1995.

**39.**    However, neither Sheriff George Payne, Dianne Gatson-Riley, Rick Gaston, nor anyone else in a position of authority at Harrison County did anything to thwart the conspiracy that deprived the Plaintiff of his constitutional rights. Had these Defendants intervened, the Plaintiff would not have been assaulted and his rights violated.

**40.**    The Defendants, Sheriff George Payne, Director of Corrections Dianne Gatson-Riley, Booking Supervisor Rick Gatson, and unidentified employees, in their individual and official capacities, either intentionally or through their own negligence, failed to expose, prevent or

-16-

otherwise thwart the conspiracy to deprive the Plaintiff and other persons similarly situated, of the equal protections of the laws of this Nation and State notwithstanding the fact that they possessed the authority, power, and ability to halt, annul, void, expose, intervene in or stop the violations before they occurred. Consequently, these Defendants are liable for injuries and deprivations suffered by the Plaintiff.

## COUNT IV
## FAILURE TO ADEQUATELY TRAIN & SUPERVISE DEPUTIES

**41.** The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

**42.** The Defendants, Harrison County, Mississippi, Harrison County Sheriff Department, Sheriff George Payne, Director of Corrections Dianne Gatson-Riley, Booking Supervisor Rick Gaston and the Training Director Phil Taylor, failed to provide adequate and competent training and/or supervision to the Defendant Deputies working in and around the booking room on the date in question. The aforementioned Defendants are (and at the time of the Plaintiff's beating were) tasked with the non-delegable duty and responsibility to formulate, oversee and implement official policies, procedures, practices and customs that were to be carried out at the Harrison County Adult Detention Center by the Deputies employed there.

**43.** As a direct and proximate consequence of the aforementioned Defendants' failure to properly develop, implement and otherwise devise a policy of adequate police training and/or supervision for its booking room Deputies, the Plaintiff was deprived of certain constitutional rights, privileges and immunities which, if properly trained and supervised, every Deputy within the employ of the Harrison County Sheriff Department and Sheriff George Payne would have known of the illegality of the Defendants' conduct on the date in question and the Plaintiff's beating and

the corresponding deprivation of his civil rights, privileges and immunities would not have happened.

44.    Failure to provide adequate training and supervision to the booking room Deputies in questions was so grossly negligent that it amounted to a deliberate indifference and blatant disregard for the rights, privileges and immunities of the Plaintiff and any other person or persons similarly situated. Thus, because of the failure to adequately train and supervise the Defendant booking room Deputies, the aforementioned Defendants are liable for the injuries suffered by the Plaintiff and the deprivation of civil rights associated therewith.

**COUNT V**
**NEGLIGENT HIRING, RETENTION AND FAILURE**
**TO DISCIPLINE OR TAKE NECESSARY CORRECTIVE ACTION**

45.    The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

46.    The Defendants, Harrison County, Mississippi, Harrison County Sheriff Department, Sheriff George Payne, Director of Corrections Dianne Gatson-Riley, Booking Supervisor Rick Gaston, were vested with the authority to hire, fire and discipline employees of the Harrison County Sheriff Department. On information and belief the Plaintiff avers that Deputies Necaise, Wills and Pavolini should never have been hired and/or retained because they are both mentally and psychologically unfit to serve in a capacity such as the one they served in on the date in question.

47.    Furthermore, on information and belief, the Plaintiff will show that prior to this incident, there were numerous complaints made about incidents of abuse, excessive use of force, broken ribs, injured eyes, etc., caused by these deputies or others unknown deputies assigned to the booking department. The decision by the Defendants Harrison County Sheriff Department, Sheriff George

Payne, Director of Corrections Dianne Gatson-Riley, Booking Supervisor Rick Gaston to hire, retain and not discipline these Deputies resulted in the creation of an environment, a hostile environment, that was subject to explode at any time and it did. Unfortunately for the Plaintiff, he was within the kill zone when this time bomb exploded. As a direct and proximate consequence of the negligent hiring, retention and failure to discipline or to take the necessary corrective action in the past, regarding the deputies in question, the aforementioned Defendants are liable for the injuries to the Plaintiff and the corresponding deprivation of rights sustained by the Mr. Miller.

## COUNT VI
## PENDENT STATE OR SUPPLEMENTAL CLAIMS
### A. CIVIL CONSPIRACY

**48.**    The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

**49.**    On the date in question the Defendants, acting in concert with one another entered into an agreement, expressly or by implication through their joint participation in the beating of the Plaintiff to engaged in conduct that was wrongful, intentional, willful, wanton and/or so grossly negligent that it was designed to inflict upon the Plaintiff certain harm, suffering and pain the likes of which can be compared only to episodes of a third world jail culture. The Defendants agreement to engage in such conduct was illegal and amounted to a civil conspiracy against the plaintiff.

**50.**    As a direct and proximate consequence of the conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiff for the civil conspiracy to engage in conduct they knew or reasonably should have known was against the law and the public policy of this State when the same manifested itself against the interests of the Plaintiff. Thus the Plaintiff is entitled to a money judgment against the Defendants who engaged

in or contributed to or otherwise facilitated or encouraged the same through their acts of omission or commission this civil conspiracy against the Plaintiff.

## B. BREACH OF A NON-DELEGABLE FIDUCIARY DUTY

**51.**    The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

**52.**    The Defendants failure and/or refusal to provide the Plaintiff with prompt, proper, professional, and necessary medical care at a time when the same was absolutely essential constituted a breach of a non-delegable and/or fiduciary duty owed to the Plaintiff and other persons similar situated.  Furthermore, this same duty was further breached when the Defendants, Harrison County, Mississippi, the Harrison County Sheriff Department and Sheriff George Payne failed to adhere  to the federal court consent decree.

**53.**    As a direct and proximate consequence of the conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiff for the breach of a non-delegable and/or fiduciary duty owed to the Plaintiff and other persons similar situated that caused and/or contributed to his injuries. Thus the Plaintiff is entitled to a money judgment against the Defendants, jointly and severally, who engaged in or contributed to or otherwise facilitated or encouraged the same through their acts of omission or commission this breach of a legal duty that adversely impacted the personal interests of the Plaintiff by causing his injuries.

## C. THE COMMON LAW TORT OF OUTRAGE

**54.**    The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

**55.**     The Defendants overall conduct on the date in question was so outrageous that it shocks the moral and legal conscience of the community.  This outrageous conduct resulted in the beating of the Plaintiff.  The manner, method and design of the Defendants conduct amounted to a cold, callous, premeditated abuse of legal authority the likes of which we have not seen in recent years prior to such an incident having occurred.

**56.**     As a direct and proximate consequence of the outrageous conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiff for such outrageous conduct as the same resulted in the ultimate injuries to the Plaintiff. Thus the Plaintiff is entitled to a money judgment against the Defendants who engaged in or contributed to or otherwise facilitated or encouraged the same through their acts of omission or commission such outrageous conduct toward the Plaintiff.

### D. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

**57.**     The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

**58.**     The Defendants conduct was designed to not only inflict physical pain and suffering upon the Plaintiff but also emotion and mental anguish and distress on the date in question.  The manner, method and design of the Defendants' conduct caused the Plaintiff to endure enormous emotional and mental distress and anguish.

**59.**     As a direct and proximate consequence of the outrageous conduct of the aforementioned Defendants, both known and unknown, the Defendants are jointly and severally liable to the Plaintiff for the intentional infliction of emotional distress and mental anguish inflicted upon the person of the Plaintiff. Thus the Plaintiff is entitled to a money judgment against the Defendants who engaged

in or contributed to or otherwise facilitated through their acts of omission or commission such outrageous conduct perpetrated upon the Plaintiff.

## E. BREACH OF THIRD PARTY BENEFICIARY CONTRACT

60.    The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

61.    The Defendant, the American Correctional Association (ACA), entered into a contract with Harrison County, Mississippi, for the purpose of obtaining national accreditation of the Harrison County Adult Detention Center where the Plaintiff was beaten on April 17, 2004. In exchange for a fee or monetary consideration that was paid by Harrison County, Mississippi, the ACA began an accreditation and evaluation process of the Harrison County Adult Detention Center in an effort to "improve conditions of confinement" through the establishment of proper training of jail staff, delivery of adequate medical services, proper detention techniques, understanding offender activity levels, standards, policies, procedures, evaluation, review and oversight. The primary goal for obtaining such accreditation was to "impact the life, safety and health of inmates, as well as staff" of an accredited correctional facility. The Harrison County Adult Detention Center was an ACA accredited facility at the time the Plaintiff was detained and beaten.

62.    The contractual agreement entered into by the ACA and Harrison County, Mississippi, was specifically entered into for the purpose of improving the "conditions of confinement" of persons who may be detained at the Harrison County Adult Detention Center and to serve as a "defense against lawsuits." The Harrison County Board of Supervisors, acting on behalf of Harrison County, Mississippi, and the citizen of Harrison County, Mississippi, created a third party beneficiary contractual relationship between the ACA and the citizens of Harrison County,

Mississippi, i.e., those who may find themselves confined in the Harrison County Adult Detention Center and those tax paying citizens whose taxes may be adversely affected by the prosecution of lawsuits for acts that violate local, state, federal and/or constitutional laws.

63.    The ACA breached its contract with Harrison County, Mississippi, and its third party beneficiary, the Plaintiff, when it knew or reasonably should have known that the Harrison County Adult Detention Center was not operating pursuant to its mandated standards, policies and procedures.  As a direct and proximate consequence of the ACA's breach of this third party beneficiary contract, the Plaintiff, was so badly beaten on the date in question that he ultimately required immediate medical attention for his wounds.

**COUNT VII**
**INJUNCTIVE RELIEF**

64.    The Plaintiff hereby incorporates by reference and re-alleges the information set forth in the foregoing paragraphs.

65.    The Defendants have engaged in a course of conduct that is contemptuous and constitutes a blatant disregard for the health, welfare, rights, privileges and immunities of persons like the Plaintiff and others similar situated.  Harrison County, Mississippi, the Harrison County Sheriff Department and Sheriff George Payne have wholly ignored and/or intentionally refused or failed to come into compliance with the federal court consent decree or judgment that was entered into by the Defendants and which was filed of record January 12, 1995.

66.    To allow the Defendants, Harrison County, Mississippi, by and through its Board of Supervisors, the Harrison County Sheriff Department and the Sheriff of Harrison County to continue operating the Harrison County Adult Detention Center without coming into immediate and full

compliance with the federal court consent judgment is not in the best interests of the citizens of Harrison County nor those specific individuals whom the Civil Rights of Institutionalized Persons Act (CRIPA), 42 U.S.C. Section 1997 *et seq.*, was passed to protect.

67.     Therefore, the Plaintiff herein requests that this Honorable Court convene a hearing on the merits immediately, or as soon as the Court's schedule can accommodate the same, to ascertain whether the aforementioned Defendants are in full (or even substantial) compliance with the federal court consent judgment of January 12, 1995.  If the Court finds that the Defendants are not in compliance the Plaintiff would move this Honorable Court to immediately and forthwith order that the federal government take over absolute and total control of the Harrison County Adult Detention Center and bring the same into strict compliance.  Alternatively, the Plaintiff would pray that the Defendants, Harrison County, Mississippi, the Harrison County Sheriff Department and the Sheriff of Harrison County are fined $1,000.00 for each day of noncompliance.  The Plaintiff reserves the right to amend this complaint until the discovery process is complete in order to determine whether the Board of Supervisors is liable, in their individual capacities, for their failure to bring the Harrison County Adult Detention Center into compliance and for allowing the Sheriff to utilize funds to bring about compliance for purposes other than those for which the funds were allocated.

68.     Furthermore, the Plaintiff requests that this Honorable Court, as part and parcel of the relief sought by the Plaintiff, enjoin the Defendants from developing, implementing or carrying out policies, customs, plans, procedures or the like that are designed to deprive persons like the Plaintiff or others similarly situated of their federal civil, constitutional and God given human rights.

69.     Finally, the Plaintiff would move this Court to order the establishment of a Citizen Police Review and Reconciliation Panel whose duties will be among other things to receive reports,

testimony and investigate allegations of abuse in the Harrison County Adult Detention Center and to make reports to the Board of Supervisors of Harrison County, Mississippi and to monitor the status of the Center's compliance with the federal court consent judgment in an effort to restore the public's confidence in the criminal justice system of Harrison County.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Mr. Roderick Clark Miller, prays that upon the filing of his complaint that this Honorable Court would advance this case on the trial docket and order an immediate hearing on the Plaintiff's request for injunctive relief and thereafter set this matter for a full and complete trial on the merits and upon the completion of the same enter a judgment granting the following relief:

a.) issue a preliminary injunction and temporary restraining order and thereafter permanently enjoin the Defendants, their officers, representatives, agents, assistants, directors, successors, employees, and any person or persons acting in concert with them from continuing to engage in the development and implementation of policies, procedures, plans, customs and the like that result in the deprivation of the civil and/or constitutional rights of person or persons detained in the Harrison County Adult Detention Center;

b.) determine whether the Defendants are in compliance with the federal court consent judgment of January 12, 1995, and if they are not then to order that the Center's management be taken over by the federal government or a court appointed receiver in order to bring the same in full and immediate compliance;

c.) issue preliminary injunction and temporary restraining order and thereafter, direct the

Defendants, through a permanent injunction, to create a Citizen Police Review and Reconciliation Panel whose duties will be, among other things, to receive reports, testimony and investigate allegations of abuse in the Harrison County Adult Detention Center and to make reports to the Board of Supervisors of Harrison County, Mississippi, and to monitor the status of the Center's compliance with the federal court consent judgment in an effort to restore the public's confidence in the criminal justice system of Harrison County, Mississippi;

d.)   enter a judgment in favor of the Plaintiff and against the Defendants, jointly and severally, for the actual or compensatory and presumed damages sustained by the Plaintiff, and which survive his demise pursuant to 42 U.S.C. Sections 1983, 1985, 1986, 1988, the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and for the violation of numerous pendent or supplemental state claims arising out of the same set of facts from which the deprivation of civil, constitutional and human rights arose for the deprivation of such constitutional rights, privileges and immunities for the personal injury to his body as a whole but especially his head, eyes, face, neck, shoulder, back, chest, legs, arms,  internal organs and other parts of his anatomy, infliction of emotional distress, mental anguish, pain, suffering, degradation, humiliation, torture, loss of enjoyment of life, medical, loss of society and any other injury or claim that may be discovered during the discovery process for which the law holds the Defendants liable and responsible in an amount to be determined by a jury but not less than $10,000,000.00;

e.)    a judgment in favor of the Plaintiff and against the Defendants, jointly and severally, for punitive or exemplary damages, for the outrageous, willful, wanton and intentional conduct that resulted in a gross or reckless disregard for the welfare, safety, rights, privileges or immunities of the Plaintiff in an amount to be determined by the jury but not less than $50,000,000.00;

-26-

f.)     a judgment in favor of the Plaintiff and against the Defendants, jointly and severally, for the Plaintiff's reasonable attorneys' fees pursuant to 42 U.S.C. Section 1988, all costs of this action and related litigation expenses and expert fees;

g.)     a judgment for such other relief, general or specific, as the Court may deem appropriate, just and equitable in the premises.

**RESPECTFULLY SUBMITTED**, this the _16_ day of April, 2007.

**RODERICK CLARK MILLER, THE PLAINTIFF**

BY:      _____

MICHAEL W. CROSBY, (MS BAR# 7888)
JOHN H. WHITFIELD, (MS BAR#7162)
2111 25TH AVENUE
GULFPORT, MISSISSIPPI 39501
228.865.0313 (phone)
228.865.0337 (fax)
email address: michaelwcrosby@bellsouth.net