IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


RODERICK CLARK MILLER                                          PLAINTIFF

VERSUS                          CIVIL ACTION NO. 1:07-CV-541LG-JMR

HARRISON COUNTY MISSISSIPPI, by and
through its Board of Supervisors,
HARRISON COUNTY SHERIFF'S DEPARTMENT,
SHERIFF GEORGE PAYNE, officially and
in his individual capacity, DIRECTOR OF
CORRECTIONS MAJOR DIANNE GATSON-RILEY,
officially and in her individually
capacity, BOOKING SUPERVISOR CAPTAIN
RICH GASTON, officially and in his
individual capacity, TRAINING DIRECTOR
CAPTAIN PHIL TAYLOR, officially and in
his individual capacity, CENTRAL CONTROL
OFFICER PRESTON WILLS, officially and in
his individual capacity, BOOKING ROOM
DEPUTY JERRED MARK NECAISE, officially and
in his indivisual capacity, BOOKING ROOM
DEUPTY CATHERINE PAVOLINE, officially and
in her individual capacity, AMERICAN
CORRECTIONAL ASSOCIATION and OTHER UNKNOWN
JOHN AND JANE DOES A-Z, officially and in
their individual capacities                          DEFENDANTS


ANSWER AND DEFENSES OF
HARRISON COUNTY, MISSISSIPPI TO COMPLAINT

COMES NOW, the Defendant, HARRISON COUNTY, by and through its

BOARD OF SUPERVISORS (hereinafter "Harrison County"), by and

through its attorney of record, Karen J. Young, of the law firm of

Meadows Riley, and files its Answer and Defenses to the  Complaint

filed as follows, to-wit:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## SECOND AFFIRMATIVE DEFENSE

Harrison County would show that any damages of the Plaintiff, the existence thereof of which are denied, were the result of inactions or actions of persons other than this Defendant, whose actions Harrison County did not control, or have the right to control, including persons who may have been employed by the Sheriff of Harrison County, but who were acting outside the course and scope of their employment during the incident which is the subject of the  Complaint.

## THIRD AFFIRMATIVE DEFENSE

Defendant affirmatively avers and pleads the doctrine of sovereign immunity against the claims of Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

The Defendant is exempt as a governmental entity pursuant to Miss. Code Ann. § 11-46-9 (1972), specifically Sections 1(b), (c), (d), (g), (m), and (r).

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is subject to the exclusive remedy provisions of Miss. Code Ann. §§ 11-46-7 and 11-46-15 (1972) (Supp. 1996).  Plaintiff is not entitled to a trial by jury.

### SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff sues for personal injuries, Defendant raises the defense Plaintiff suffered from a pre-existing condition or conditions.

### SEVENTH AFFIRMATIVE DEFENSE

The subject of the Plaintiff's Complaint does not involve any implementation or execution of any policy, statement, ordinance or regulation or decision officially adopted and/or promulgated by this Defendant. The Defendant neither promulgated nor condoned any policy, custom or usage, or the implementation thereof, which allegedly resulted in any constitutional violations or deprivations of Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

Pursuant to 42 U.S.C. § 1983, and the Mississippi State Tort Claims Act, Plaintiff cannot recover exemplary or punitive damages, attorney's fees, or pre-judgment interest.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff failed to give statutory notice of his claim as required by Miss. Code Ann. § 11-46-11 (1972).

### TENTH AFFIRMATIVE DEFENSE

Plaintiff failed to follow the proper administrative remedies before filing his lawsuit.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the state and federal statutes of limitations.

-3-

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has alleged violations under the Civil Rights Act, codified at 42 U.S.C. § 1983.  Harrison County states that a governmental entity cannot be held liable for civil rights violations under the doctrine of Respondeat Superior, and Harrison County should be dismissed with prejudice in this cause.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant reserves and invokes all other rights and defenses available, including but not limited to, those set forth in Fed. R. Civ. P. 8(c) and 12(b).

## FOURTEENTH AFFIRMATIVE DEFENSE

AND NOW, without waiving any other defense to which it is entitled, the Defendant answers the  Complaint, paragraph by paragraph, as follows:

## PRELIMINARY STATEMENT

1.  Harrison County admits that this Complaint is a Federal Civil Rights action and denies the remaining allegations of paragraph 1.

## STATEMENT OF THE FACTS

2.  Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2; therefore, all allegations are denied.

3.   Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3; therefore, all allegations are denied.

-4-

4.    Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4; therefore, all allegations are denied.

5.    Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5; therefore, all allegations are denied.

6.    Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6; therefore, the allegations are denied.

7.    Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7; therefore, the allegations are denied.

8.    Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8; therefore, the allegations are denied.

9.    Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9; therefore, the allegations are denied.

10.    Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10; therefore, the allegations are denied.

11.    Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of

paragraph 11; therefore, all allegations are denied.

<u>**PARTIES**</u>

12. Harrison County is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12; therefore, all allegations are denied.

13. Harrison County admits it is a political subdivision of the State of Mississippi and that it may be served with process upon the President of the Board of Supervisors of Harrison County or the Chancery Clerk. The remaining allegations of paragraph 13 are denied.

14. Admit.

15. Admit.

16. Defendant admits Major Diane Gatson-Riley is an adult resident citizen of the State of Mississippi and that she was sued in her official and individual capacities. The remaining allegations of paragraph 16 are denied.

17. Defendant admits Captain Rick Gaston is an adult resident citizen of Harrison County, Mississippi and that he was sued in his official and individual capacities. The remaining allegations of paragraph 17 are denied.

18. Defendant admits Captain Phil Taylor is an adult resident citizen of Harrison County, Mississippi and that he was sued in his official and individual capacities. The remaining allegations of paragraph 18 are denied.

-6-

19.    Defendant admits Deputy Pavolini is an adult resident citizen of Harrison County, Mississippi and that she was sued in her official and individual capacities.  The remaining allegations of paragraph 19 are denied.

20.    Defendant admits Deputy Preston Willis is an adult resident citizen of Harrison County, Mississippi and that he was sued in his official and individual capacities.  The remaining allegations of paragraph 20 are denied.

21.    Defendant admits Deputy Necaise, is an adult resident citizen of Harrison County, Mississippi and that he was sued in his official and individual capacities.  The remaining allegations of paragraph 21 are denied.

22.    Admit.

23.    Denied.

## JURISDICTION

24.    Harrison County admits Plaintiff's lawsuit invokes Federal question jurisdiction pursuant to 42 U.S.C. Section 1983. The remaining allegations of paragraph 24 are denied.

## VENUE

25.    Defendant admits venue is proper in this jurisdiction.

### COUNT 1
### ACTION FOR DEPRIVATION OF CIVIL RIGHTS
### (42 U.S.C. SECTION 1983)

26.    Defendant incorporates by reference, its responses to paragraphs 1 through 25 above.

-7-

27.  Denied.

28.  Denied.

29.  Denied.

30.  Denied.

31.  Denied.

## COUNT II
## ACTION FOR CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
### (42 U.S.C. SECTION 1985)

32.  Defendant incorporates by reference, its responses to paragraphs 1 through 31 above.

33.  Denied.

34.  Denied.

35.  Denied.

36.  Denied.

## COUNT III
## ACTION FOR CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
### (42 U.S.C. SECTION 1985)

37.  Defendant incorporates by reference, its responses to paragraphs 1 through 36 above.

38.  Denied.

39.  Denied.

40.  Denied.

## COUNT IV
## FAILURE TO ADEQUATELY TRAIN & SUPERVISE DEPUTIES

41.  Defendant incorporates by reference, its responses to paragraphs 1 through 40 above.

42.  Denied.

-8-

43.  Denied.

44.  Denied.

### COUNT V
### NEGLIGENT HIRING, RETENTION AND FAILURE
### TO DISCIPLINE OR TAKE NECESSARY CORRECTIVE ACTION

45.  Defendant incorporates by reference, its responses to paragraphs 1 through 44 above.

46.  Denied.

47.  Denied.

### COUNT VI
### PENDENT STATE OR SUPPLEMENTAL CLAIMS
### A. CIVIL CONSPIRACY

48.  Defendant incorporates by reference, its responses to paragraphs 1 through 47 above.

49.  Denied.

50.  Denied.

### B. BREACH OF A NON-DELEGABLE FIDUCIARY DUTY

51.  Defendant incorporates by reference, its responses to paragraphs 1 through 50 above.

52.  Denied.

53.  Denied.

### C. THE COMMON LAW TORT OF OUTRAGE

54.  Defendant incorporates by reference, its responses to paragraphs 1 through 53 above.

55.  Denied.

56.  Denied.

### D. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

57.  Defendant incorporates by reference, its responses to paragraphs 1 through 56 above.

58.  Denied.

59.  Denied.

### E. BREACH OF THIRD PARTY BENEFICIARY CONTRACT

60.  Defendant incorporates by reference, its responses to paragraphs 1 through 59 above.

61.  Denied.

62.  Denied.

63.  Denied.

### COUNT VII
### INJUNCTIVE RELIEF

64.  Defendant incorporates by reference, its responses to paragraphs 1 through 63 above.

65.  Denied.

66.  Denied.

67.  Denied.

68.  Denied.

69.  Denied.

### PRAYER FOR RELIEF

Defendant denies each and every allegation in the general Party for Relief, including subparagraphs a, b, c, d, e, f, and g.

AND NOW, having filed its separate Answer to the Complaint, Harrison County moves this Court to Dismiss it with prejudice, with

-10-

costs assessed against the Plaintiff as provided by law.

RESPECTFULLY SUBMITTED this the 21st day of June 2007.

HARRISON COUNTY, BY AND THROUGH ITS
DULY ELECTED BOARD OF SUPERVISORS

MEADOWS RILEY LAW FIRM

BY: /s/ *Karen J. Young*
       KAREN J. YOUNG

### CERTIFICATE OF SERVICE

I, Karen J. Young, of Meadows Riley Law Firm, do hereby certify that a true and correct copy of the above and foregoing Answer and Defenses of Harrison County, Mississippi to the Complaint was filed with the United States District Court wherein a copy was forwarded electronically to:

Michael W. Crosby, Esq.
2111 25th Avenue
Gulfport, MS 39501

SO CERTIFIED this the 21st day of June 2007.

/s/ *Karen J. Young*
KAREN J. YOUNG, MS Bar #6654

Karen J. Young, Esq.
MS Bar No. 6654
MEADOWS RILEY LAW FIRM
P.O. Box 550
Gulfport, MS 39502
Telephone: (228)864-4511
Facsimile: (228)868-2178
Email: kyoung@datasync.com

-11-