IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RODERICK CLARK MILLER**                              **PLAINTIFF**

**VERSUS**                              **CIVIL ACTION NO. 1:07cv541LG-JMR**

**HARRISON COUNTY, MISSISSIPPI, by and through its Board of Supervisors, HARRISON COUNTY SHERIFF DEPARTMENT, SHERIFF GEORGE PAYNE, officially and in his individual capacity, DIRECTOR OF CORRECTIONS MAJOR DIANNE GATSON-RILEY, officially and in her individual capacity, BOOKING SUPERVISOR CAPTAIN RICK GASTON, officially and in his individual capacity, TRAINING DIRECTOR CAPTAIN PHIL TAYLOR, officially and in his individual capacity, CENTRAL CONTROL OFFICER PRESTON WILLS, officially and in his individual capacity, BOOKING ROOM DEPUTY JERRED MARK NECAISE, officially and in his individual capacity, BOOKING ROOM DEPUTY CATHERINE PAVOLINI, officially and in her individual capacity, AMERICAN CORRECTIONAL ASSOCIATION, and OTHER UNKNOWN JOHN and JANE DOES A-Z, also in their official and individual capacities**                              **DEFENDANTS**

**MOTION TO EXTEND THE EXPERT DESIGNATION DEADLINE FOR DEFENDANTS SHERIFF GEORGE PAYNE, JR., IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES, HARRISON COUNTY SHERIFF'S DEPARTMENT, DIANNE GATSON-RILEY, IN HER OFFICIAL AND INDIVIDUAL CAPACITIES, PHIL TAYLOR, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES, CATHERINE PAVOLINI, IN HER OFFICIAL AND INDIVIDUAL CAPACITIES, AND PRESTON WILLS, IN HIS OFFICIAL CAPACITY ONLY**

COME NOW Defendants, Sheriff George Payne, Jr., in his official and individual capacities, Harrison County Sheriff's Department, Dianne Gatson-Riley, in her official and individual capacities, Phil Taylor, in his official and individual capacities, Catherine Pavolini, in her official and individual capacities, and Preston Wills, in his official capacity only, by and through

their attorneys, Dukes, Dukes, Keating & Faneca, P.A., and moves the Court for an Order extending the expert designation deadline for these Defendants, and in support would show the following:

I.

On April 16, 2007, Plaintiff filed this cause of action, and on October 12, 2007, these moving Defendants filed their Answer, Defenses and Affirmative Defenses.

II.

On October 25, 2007, a Telephonic Case Management Conference was held before the Court, and attended by counsel for the parties. Pursuant to the Federal Rules of Civil Procedure, the parties' Pre-Discovery Disclosures were due no later than November 8, 2007. Also, on October 25, 2007, this Court entered its Scheduling Order setting the discovery deadline for June 6, 2008; the deadline for filing Plaintiff's experts by February 8, 2008; and the deadline for filing Defendant's experts by expert by March10, 2008. *See* Scheduling Order, DN 25.

III.

Defendant George Payne's First Set of Interrogatories and Requests for Production of Documents, and Defendant Phil Taylor's First Set of Interrogatories were propounded to the Plaintiff on or about November 15, 2007. Notices of said discovery requests are attached collectively hereto as **Exhibit "A".** Responses to said discovery were due on or about December 17, 2007. During this time Defendants' counsel also contacted Plaintiff's counsel by correspondence dated November 20, 2007, requesting Plaintiff's Pre-Discovery Disclosures and Plaintiff's Discovery Responses as evidenced by the attached **Exhibit "B".**

IV.

On January 7, 2008, a good faith effort was made to resolve this discovery dispute pursuant to uniform District Court Rule 37.1. *See* Good Faith Certificate and correspondence attached hereto

as **Exhibit "C"**.  As stated in the affidavit, attached hereto as **Exhibit "D,"** on January 7, 2008, counsel for the Defendants mailed a Good Faith Certificate to Plaintiff, but never received a response.

V.

On January 17, 2008 Defendants filed a Motion to Compel Plaintiff's Pre-Discovery Disclosures and Responses to Interrogatories and Requests for Production of Documents [DN 31] which resulted in an Order from the Court granting Defendants' Motion to Compel and ordering Plaintiff to fully respond to propounded discovery and provide pre-discovery disclosure on or prior to February 8, 2008.  *See* Court's Text Order, signed January 22, 2008.

VI.

On February 8, 2008, Plaintiff still did not provide the discovery responses nor the Pre-Discovery Disclosures, but rather filed a Motion to Continue Discovery [DN 33] for one week.  As stated in said motion, Defendants herein objected to said motion.

VII.

Plaintiff wholly and fully failed to timely provide these Defendants with his Pre-Discovery Disclosures and failed to respond to the Interrogatories and Requests for Production of Documents propounded to him, until February 15, 2008.  Although Plaintiff had finally provided his responses to Defendant's discovery, he failed to supply Defendants with the medical authorization, tax form authorization, request for release of social security information and release for employment information as requested in the discovery requests. On February 22, 2008, counsel for Defendants wrote counsel for Plaintiff and requested that these releases be forwarded within five business days. *See* attached **Exhibit "E"**.  Defendants finally received them on the fifth business day.  Therefore, due to Plaintiff's failure to timely and adequately respond to Defendants' discovery requests and

3

failure to provide all necessary authorizations, Defendants are prejudiced by the fact that they are not in a position to fully evaluate Plaintiff's case, as well as determine whether other individuals should be deposed, to enable the Defendants to obtain and review all necessary information necessary to forward to their experts prior to the designation of expert deadline.

VIII.

On February 29, 2008 (approximately six business days before Defendants' expert designation), Defendants were finally able to schedule and depose the Plaintiff. This was Defendants' first available opportunity to obtain the Plaintiff's own testimony regarding his claims, and new information emerged regarding his alleged claims and injuries. Defendants will thus need additional time to obtain information (medical and otherwise) and to provide this information to the Defendants' experts prior to their designation and opinions. Without this additional information, Defendants are unable to designate their experts according to the Court's Scheduling Order.

IX.

Additionally, the Harrison County Board of Supervisors must approve the use of experts in this matter, and authorize the pre-payment of any fees that an expert may require, and this can only be done at a regularly scheduled Board of Supervisors meeting. Due to Plaintiff's delinquent discovery responses, and failure to provide all necessary authorizations for release of information, Defendants have not been able to obtain the necessary facts and information in order timely request the approval and pre-payment of certain fees necessary for preferred experts from the Board of Supervisors. Therefore, Plaintiff's untimely response has not only effected counsel for Defendant's evaluation of the case, but has also effected their ability to obtain timely approval and pre-payment of fees for the needed experts.

X.

These Defendants have not requested any other extensions of time to file their expert designation and do so here in good faith and not with the intent to cause prejudice to the Plaintiff and his cause of action.

XI.

This Motion is unopposed by Plaintiff.

WHEREFORE, Defendants file this Motion and request that the Court enter an Order extending the expert designation deadline for these Defendants to a date that will provide the greatest possible time, without changing the trial date of this cause of action.

RESPECTFULLY SUBMITTED, this the 5th day of March, 2008.

**SHERIFF GEORGE PAYNE, JR., HARRISON COUNTY SHERIFF'S DEPARTMENT, DIANNE GATSON-RILEY, PHIL TAYLOR, CATHERINE PAVOLINI, ALL IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES, AND PRESTON WILLS, IN HIS OFFICIAL CAPACITY ONLY, DEFENDANTS**

**DUKES, DUKES, KEATING & FANECA, P.A.**

BY:   /s/Cy Faneca
        CY FANECA, MSB #5128

Cy Faneca, MSB #5128
Trace McRaney, MSB #9905
Haley N. Broom, MSB #101838
Jon S. Tiner, MSB #101733
**DUKES, DUKES, KEATING AND FANECA, P.A.**
2909 13th St., Sixth Floor
Post Office Drawer W
Gulfport, MS  39502
Telephone:  228/868-1111
Facsimile:  228/863-2886

## CERTIFICATE OF SERVICE

    I, CY FANECA, do hereby certify that I have this day delivered, via electronic filing and/or United States Mail, postage fully pre-paid, a true and correct copy of the above and foregoing pleading to the following:

Michael W. Crosby, Esq.
2111 25th Avenue
Gulfport, Mississippi 39501

Joseph Meadows, Esq.
Karen Young, Esq.
Post Office Drawer 550
Gulfport, Mississippi 39502

James L. Davis, III
Post Office Box 1839
Gulfport, Mississippi 39502

George D. Hembree, III
Post Office Drawer 22949
Jackson, Mississippi 39225-2949

THIS, the 5th day of March, 2008.

                                          *s/Cy Faneca*
                                          CY FANECA
                                          JON TINER