IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RODERICK CLARK MILLER**                                            **PLAINTIFF**

**VERSUS**                                            **CASE NO. 1:07cv539LG-JMR**

**RICK GASTON, ET AL.**                                            **DEFENDANTS**

### DEFENDANT RICK GASTON'S MEMORANDUM OF AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

**COMES** now Rick Gaston, by and through his counsel, and files his memorandum of authorities in support of his motion for summary judgment in the above styled cause and would show unto the Court the following, to wit:

### FACTUAL BACKGROUND

On April 16, 2007, Roderick Clark Miller (Plaintiff) filed a complaint in the United States District Court for the Southern District of Mississippi, Southern Division.[1] Among others, Plaintiff named Rick Gaston as one of the named Defendants in the above styled cause.[2] Rick Gaston was the Supervisor of Booking, with the rank of Captain, at the Harrison County Adult Detention Center at all relevant times herein.

Plaintiff alleges in his complaint that the named Defendants implemented a policy which resulted in the deprivation of Plaintiff's rights, privileges, and immunities. Further, Plaintiff alleges that Plaintiff was denied due process of law by the named Defendants. In particular, Plaintiff claims violations of his rights under the Fifth, Eighth, and Fourteenth Amendments of the U.S. Constitution as well as violations of his rights under 42 U.S.C. §§ 1983, 1985, and 1986.

Plaintiff has a history of arrests for domestic violence and simple assault. On April 17, 2004, the

---

[1] See Document #1 on Civil Docket for 1:07-cv-00539-LG-JMR pending in the U.S. District Court, Southern District of Mississippi, Southern Division.

[2] Id.

1

Harrison County Sheriff's Department and the Gulfport Police Department dispatched officers to Plaintiff's apartment in Saucier, Mississippi in response to a possible domestic situation.

Plaintiff was preparing to go to work when the officers arrived.[3] Plaintiff and his then girlfriend Veronica Hahn had been in an altercation.[4] Upon arrival, Deputy Coley Judy handcuffed Plaintiff.[5] Deputy Judy and Officer Walker escorted Plaintiff out of the apartment and into a community hallway.[6] While searching Plaintiff, Deputy Judy and Officer Walker noticed scratches on Plaintiff's neck and chest.[7] Deputy Judy spoke with Hahn and escorted Plaintiff to his patrol car.[8] Plaintiff waited in the car for twenty to thirty minutes and was then taken to the Harrison County Adult Detention Center.[9]

When Plaintiff arrived at the Detention Center, Deputy Judy walked Plaintiff through the booking area and took him to an office for processing.[10] Deputy Judy requested that Plaintiff return Hahn's car keys and house keys but Plaintiff refused.[11] Plaintiff requested medication, but Deputy Judy refused and explained that Plaintiff would have to see the nurse in order to have his medication dispensed.[12] Deputy Judy then escorted Plaintiff from the office back to booking where Plaintiff waited in the hall outside Cell Number 5.[13] Plaintiff was then placed in Holding Cell Number 5.[14] Plaintiff was later pulled from Cell Number 5 and escorted to the showers and ordered to change clothes. Plaintiff was then returned to Cell Number 5.[15]

---

[3] Miller deposition, Pp. 71
[4] **See Exhibit "A"** - Selected excerpts taken from Roderick Clark Miller's deposition - Miller deposition, Pp. 67
[5] Miller deposition, Pp. 71-72
[6] Miller deposition, Pp. 72
[7] Miller deposition, Pp. 77
[8] Miller deposition, Pp. 75
[9] Miller deposition, Pp. 77
[10] Miller deposition, Pp. 85
[11] Miller deposition, Pp. 86
[12] Miller deposition, Pp. 89-90
[13] Miller deposition, Pp. 91
[14] Miller deposition, Pp. 91
[15] Miller deposition, Pp. 97

After returning to Cell Number 5, Plaintiff started banging on the holding cell window. Deputies Necaise and Pavolini responded, and Plaintiff continued to bang on the glass window until Deputies Necaise and Pavolini entered the cell.[16] Plaintiff alleges that he was physically assaulted by Deputies Necaise and Pavolini after they entered Plaintiff's cell. However, at the time of the alleged assault, Deputies Necaise and Pavolini were yelling "stop resisting, stop resisting."[17]

Plaintiff was thereafter relocated to another holding cell and was eventually relocated to general population.[18] While in the general population, Plaintiff alleges that the white male deputy told Plaintiff that he could not dispense medication and Plaintiff would have to see the nurse.[19] Plaintiff later filled out a complaint and saw the nurse.[20]

Plaintiff was given a hearing for the simple assault charges of April 17, 2004. Plaintiff was represented by counsel at the hearing.[21] The charges were dismissed without prejudice by Judge Bruce Roberts.[22]

With respect to Plaintiff's allegations, he claims that "Rick Gaston implemented policies and procedures, his own policies and procedures of abuse, torture, red light, green light, where they can hit people and where they can't."[23] One of Plaintiff's allegations of his alleged deprivation of constitutional rights stems from Plaintiff's <u>unfounded opinion</u> that Rick Gaston had knowledge of unprovoked attacks of inmates by deputies and that Rick Gaston was not concerned with who was harmed or hurt in the Detention Center.[24] Plaintiff is further of the <u>opinion</u> that Rick Gaston's knowledge of attacks on inmates

---

[16] Miller deposition, Pp.102
[17] MIller deposition, Pp. 116-117
[18] Miller deposition, Pp. 119
[19] Miller deposition, Pp. 127
[20] Miller deposition, Pp. 129
[21] Miller deposition, Pp. 44-45
[22] Miller deposition, Pp. 48
[23] Miller deposition, Pp. 194
[24] Miller deposition, Pp. 196.

is tantamount to conspiracy.[25]

However, during Plaintiff's deposition, he admitted the following:

    1)      Plaintiff has never spoken with Rick Gaston;[26]

    2)      Plaintiff did not see or hear Rick Gaston when he was incarcerated at the Harrison County Adult Detention Center on April 17, 2004;[27]

    3)      Plaintiff never heard Rick Gaston agree to hit or harm him in any way while he was incarcerated at the Harrison County Adult Detention Center on April 17, 2004;[28]

    4)      Plaintiff is not aware of any conversations between Rick Gaston and any individuals or correction officers where they agreed to harm Plaintiff;[29]

    5)      Rick Gaston did not use excessive force against Plaintiff when he was incarcerated at the Harrison County Adult detention center;[30]

    6)      The only time Plaintiff has ever heard Rick Gaston speak was at the Ryan Teel trial;[31]

    7)      Plaintiff has never seen Rick Gaston assault anyone;[32]

    8)      Plaintiff has no personal knowledge that Rick Gaston recklessly monitored his subordinates;[33]

    9)      Plaintiff has no reason to dispute that Rick Gaston had no knowledge of the alleged assault on Plaintiff on April 17, 2004;[34]

    10)      Plaintiff has no personal knowledge of a pattern of misconduct or abuse at the Harrison

---

[25] Id.
[26] Miller deposition, Pp. 192
[27] Id.
[28] Miller deposition, Pp. 193
[29] Id.
[30] Id.
[31] Miller deposition, Pp. 194
[32] Miller deposition, Pp. 196
[33] Miller deposition, Pp. 197
[34] Miller deposition, Pp. 198

County Adult Detention Center.[35]

Plaintiff further alleges a failure to train and supervise Harrison County Adult Detention Center officers. However, Plaintiff admits that, according to the state, all officers involved in this lawsuit met state training requirements.[36] Plaintiff further admits that he does not know which officers were and were not trained properly because he does not know what training the officers did or did not have.[37]

Rick Gaston confirms Plaintiff's admissions. In Rick Gaston's affidavit he states:

1) Rick Gaston never talked to Roderick Miller;[38]

2) Rick Gaston never heard Roderick Miller speak;[39]

3) Rick Gaston has never heard, been made aware of, nor had any knowledge of any misconduct in the Booking Department at the Harrison County Adult Detention Center at all relevant times to this lawsuit;[40]

4) Rick Gaston has never heard, been made aware of, nor had any knowledge of any mistreatment to Roderick Clark Miller by any employee employed in the Booking Department at the Harrison County Adult Detention Center at all times relevant to this lawsuit;[41]

5) Rick Gaston, at all relevant times in this lawsuit, was acting within the course and scope of his employment as Supervisor of Booking, with the rank of Captain, at the Harrison County Adult Detention Center;[42]

6) Rick Gaston and his subordinates were, at all relevant times in this lawsuit, abiding by

---

[35] Miller deposition, Pp. 153-155
[36] Miller deposition, Pp. 161
[37] Miller deposition, Pp. 161
[38] **See Exhibit "B" -** (Rick Gaston's Affidavid) Rick Gaston Affidavit, Pp. 1, Paragraph 2
[39] Rick Gaston Affidavit, Pp. 1, Paragraph 3
[40] Rick Gaston Affidavit, Pp. 1, Paragraph 4
[41] Rick Gaston Affidavit, Pp. 1, Paragraph 5
[42] Rick Gaston Affidavit, Pp. 1, Paragraph 6

       official policy at the Harrison County Adult Detention Center;[43]

7)     The policies in Booking at the Harrison County Adult Detention Center regarding inmates requests for medications were followed at all relevant times in this lawsuit;[44]

8)     Rick Gaston did not conspire with any individual to harm Roderick Clark Miller;[45]

9)     Rick Gaston is not aware of any instance wherein any of his subordinates while employed as Booking Supervisor at the Harrison County Adult Detention Center, at all relevant times herein, spoke of harming any inmate, including Roderick Clark Miller;[46]

10)     Rick Gaston is not, and was not, aware of any pattern of misconduct by Booking officers at the Harrison County Adult Detention Center, at all relevant times in this lawsuit.[47]

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Once a properly supported summary judgment motion has been filed, the burden shifts to the party opposing to "set forth specific facts showing that there is a genuine issue for trial."[48] "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine dispute as to any material fact."[49]

## SUMMARY OF LEGAL ARGUMENT

Roderick Miller has not created a genuine issue of material fact as to any of the causes of action

---

[43] Rick Gaston Affidavit, Pp. 1, Paragraph 7
[44] Rick Gaston Affidavit, Pp. 1, Paragraph 8
[45] Rick Gaston Affidavit, Pp. 1, Paragraph 9
[46] Rick Gaston Affidavit, Pp. 2, Paragraph 10
[47] Rick Gaston Affidavit, Pp. 2, Paragraph 11
[48] Fed. R. Civ. P. 56(e)
[49] *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247-248 (1986)

he asserts against Rick Gaston in the above styled cause. First, Roderick Miller has not put forth any evidence that Rick Gaston was aware of any misconduct by Rick Gaston's subordinates. As such, Rick Gaston is entitled to qualified immunity. Second, Roderick Miller's has not created a genuine dispute of material fact in his Section 1983 allegations against Rick Gaston because Roderick Miller has put forth no evidence that he acted with reckless indifference towards monitoring his subordinates, nor has he put forth any evidence that he was subjected to excessive force. Third, Roderick Miller failed to allege racial animus under his Section 1985 claim, and a Plaintiff must allege racial animus in order to prevail under a Section 1985 claim. Fourth, Roderick Miller's Section 1986 claim fails because a Plaintiff must state a cognizable claim under Section 1985. Because Roderick Miller has not alleged racial animus under Section 1985, he has failed to state a cognizable claim thereunder, and thus he does not have a cause of action against Rick Gaston under Section 1986. Finally, Rick Gaston is entitled to immunity under Miss.Code.Ann. 11-46-9(1)(m) because Rick Gaston was within the course and scope of his employment at all relevant times herein. Miss.Code.Ann. 11-46-9(1)(m) provides that prison officials are immune from liability within the course and scope of their employment. Roderick Miller asserted various common law tort claims against Rick Gaston, but can not prevail on any here because Roderick Miller can not dispute that Rick Gaston, at all relevant times herein, was operating within the course and scope of his employment.

## LEGAL ARGUMENT

I.   **Rick Gaston is Entitled to Qualified Immunity because Roderick Miller has not produced any evidence that all reasonable officials under Rick Gaston's circumstances would have realized a constitutional violation.**

When an officer raises a qualified immunity defense, the Fifth Circuit engages in a bifurcated, two part test.[50] First, the Plaintiff must allege a violation of a clearly established constitutional right.[51] In

---

[50] *Salas v. Carpenter*, 980 F.2d 299,305 (5th Cir. 1992)
[51] *Siegert v. Gilley*, 111 S.Ct. 1789,1793

terms of being "clearly established," "[t]he contours of the right must be sufficiently clear that a reasonable official would understand what he is doing violates that right."[52]

Second, if the Plaintiff makes such an allegation, a decision is made as to whether the Defendant's conduct was "objectively reasonable," because "[e]ven if an official's conduct violates a constitutional right, he is entitled to qualified immunity if the conduct was objectively reasonable."[53] The official's conduct is "objectively reasonable" if a "reasonable person would have believed that his conduct conformed to the constitutional standard in light of the information available to him and clearly established law.[54] This means that "[e]ven law enforcement officials who reasonably, but mistakenly [commit a constitutional violation] are entitled to immunity.[55]

For qualified immunity purposes, a defendant official's acts will be held objectively reasonable unless it can be said that **all** reasonable officials in the defendant's circumstances, which include facts known to the defendant, would have then realized the defendant's conduct violated the Constitution or federal statute.[56] Thus, "[w]hen the defendant moves for summary judgment based on qualified immunity, it is the plaintiff's burden to demonstrate that **all** reasonable officials similarly situated **would have then known** that the alleged acts of the defendants violated the United States Constitution.[57]

Turning to the objective reasonableness standard, Roderick Miller has produced no evidence that Rick Gaston had knowledge, whether actual or constructive, of any alleged misconduct by his subordinates at all relevant times herein. First, Roderick Miller admitted that he could not dispute that Rick Gaston had absolutely no knowledge of the alleged incident which Miller complains of.[58] Second, Rick Gaston, in his affidavit, stated that he had no knowledge of the alleged incident that Miller

---

[52]*Goodson v. City of Corpus Christi*, 202 F.3d 730 (5th Cir. 2000)
[53]*Spann v. Rainey*, 987 F.2d 1110,1114 (5th Cir. 1993) (quoting *Salas,* 980 F.2d at 310)
[54]*Goodson v. City of Corpus Christi*, 202 F.3d 730,736 (5th Cir. 2000)
[55]*Id.*
[56]*Thompson v. Upshur County, Tex.,* 245 F.3d 447,457 (5th Cir. 2001)
[57]*Id.* (Emphasis added)
[58]Miller deposition, Pp. 198

complains of and also that he had no knowledge of any incidents involving misconduct by his subordinates.[59] Further, Roderick Miller admits that all of the officers at the Harrison County Adult Detention Center named and implicated in Roderick Miller's complaint met state training requirements.[60] Roderick Miller has not produced any evidence which rebuts Rick Gaston's averments in Rick Gaston's affidavit. As such, Roderick Miller has failed to meet his burden to show that all reasonable officials similarly situated would have known of a constitutional violation. As such, Rick Gaston is entitled to qualified immunity.

Even assuming, *arguendo,* that Rick Gaston should have monitored his subordinates more closely, Rick Gaston still will be entitled to qualified immunity. Even when a Plaintiff adduces enough evidence that the supervisory needed to monitor his subordinates more closely, reasonable supervisors could disagree as to whether inaction on the part of the supervisor was unlawful, thus entitling the supervisory officer to qualified immunity.[61] Again, Roderick Miller, as Plaintiff, has the burden to demonstrate that **all** reasonable officials similarly situated **would have then known** that the alleged acts of the defendants violated the United States Constitution.[62] Thus, even assuming Roderick Miller did put forth evidence that Rick Gaston should have monitored his subordinates more closely (which he hasn't), Rick Gaston would still be entitled to qualified immunity.

**II.    Roderick Miller has not created a genuine issue of material fact that Rick Gaston failed to adequately train or supervise his subordinates under 42 U.S.C. § 1983 because Roderick Miller has not put forth any evidence that Rick Gaston acted with "reckless indifference."**

Roderick Miller alleges in his complaint that all Defendants, including Rick Gaston, engaged in a course of conduct that denied Roderick Miller's right to substantive and procedural due process under the Fifth and Fourteenth Amendments of the U.S. Constitution, and also denied Roderick Miller's right

---

[59] Rick Gaston's Affidavit
[60] Miller deposition, Pp. 161
[61] *Whiting v. Tunica County,* 222 F.Supp.2d 809,818 (N.D.Miss 2002) citing *Poe v. Leonard,* 282 F.3d 123,125 (2nd Cir. 2002)
[62] *Id.*

9

against cruel and unusual punishment pursuant to the Eighth Amendment of the U.S. Constitution. In particular, Roderick Miller alleges that he was denied proper medical needs and was subjected to excessive force. Since Roderick Miller has admitted that Rick Gaston was not present when the alleged physical assault occurred, the issue squarely before this Court now is whether Roderick Miller has presented evidence to create a genuine issue of material fact as to whether Rick Gaston can be liable for his subordinates acts or omissions under 42 U.S.C. Section 1983**.**

The gist of Roderick Miller's Section 1983 claims against Rick Gaston center around the issue of whether Rick Gaston, as a supervisory officer, can be held liable for the conduct of Deputies Necaise and Pavolini. A supervisory official can only be held liable for his own inaction or action, including allegedly failing to supervise his subordinate, if the action or inaction amounts to gross negligence or deliberate indifference, and is the proximate cause of the constitutional violation.[63] "'Deliberate indifference,'" in the context of § 1983, entails a greater culpability level than mere negligence.[64] The Fifth Circuit has stated that, "[f]or an official to act with deliberate indifference, **the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."**[65]

Roderick Miller has put forth absolutely no evidence that Rick Gaston was "aware" of any misconduct. By his own admission, Roderick Miller can not dispute that Rick Gaston had no knowledge of misconduct by any of his subordinates at all times relevant herein. Further, Rick Gaston firms that he had no knowledge of any of the alleged incidents Roderick Miller now complains of. The only evidence Roderick Miller puts before this Court is his own **unfounded opinion** that Rick Gaston had knowledge of constitutional violations. Roderick Miller's opinions are not evidence. As such, Roderick Miller has not created a genuine issue of material fact that Rick Gaston monitored his subordinates with gross

---

[63]*Bowen v. Watkins*, 669 F.2d 979,988 (5th Cir. 1982)
[64]*Whiting v. Tunica County,* 222 F.Supp.2d 809,817 (N.D.Miss 2002)
[65]*Smith v. Brenoettsy,* 158 F.3d 908,912 (5th Cir. 1998) (Emphasis added)

negligence or deliberate indifference.

Ordinarily, proof of a single a single instance, rather than a pattern of similar violations, is insufficient to sustain a claim that a lack of training or supervision caused ... constitutional violations.[66] Thus, even if Rick Gaston had knowledge of a single incident of misconduct (which Rick Gaston emphatically denies), Roderick Miller would not be able to sustain a claim against Rick Gaston for lack of training or supervising his subordinates.

Further, Roderick Miller can not dispute that Deputies Necaise and Pavolini use of force was reasonable. Ken Katsaris, Rick Gaston's expert in the field of corrections and corrections officers opines about the use of force used by Deputies Necaise and Pavolini, to wit:

> "Both Deputy Necaise and Pavolini provided written reports of conduct displayed by Miller that reasonably required Deputy Necaise to enter Miller's cell to calm him down. Deputy Pavolini, acting according to policy, stood by the cell door. Both deputies reported that Miller, when told to step back towards the cell wall, <u>advanced</u> on Necaise. Aggressive resistence to verbal commands, especially in a jail setting where control is essential, must be stopped. Deputy Necaise used recognized and trained resistance control procedures to overcome Miller's advancement on Necaise. The subsequent palm strike to the chest by Necaise was met by Miller grabbing Deputy Necaise's arm. Miller was then taken to the floor with the trained and recognized application of an arm bar takedown, followed by a wrist lock to a restrained position to keep Miller from continuing to struggle and kick. When Miller ceased resisting he was left in the cell. This force use was objectively reasonable given the reported action of Miller."[67]

Because Roderick Miller has not produced any evidence to dispute Ken Katsaris' opinions and conclusions, Roderick Miller has not created a genuine issue of material fact that Rick Gaston's subordinates acted unreasonably.

**III.     Roderick Miller has not created an genuine issue of material fact that Rick Gaston violated his Eighth Amendment rights under 42 U.S.C. § 1983 because Roderick Miller has not put forth any evidence that Rick Gaston acted with "reckless indifference" towards Roderick Miller, nor has Roderick Miller put forth evidence that he was subjected to "excessive force."**

Roderick Miller also alleges in his complaint that he was subjected to cruel and unusual

---

[66]*Snyder v. Terpagnier,* 142 F.3d 791, 798-799 (5th Cir. 1998)
[67]**See Exhibit "C" -** W. Ken Katsaris' Report, Page 4, Paragraph 3

punishment pursuant to the Eighth Amendment of the U.S. Constitution. The U.S. Supreme Court has held that the Plaintiff must demonstrate two (2) requirements before a prison official can be held liable to an inmate for an Eighth Amendment violation. First, the deprivation of the right must be "sufficiently serious."[68] Second, the Plaintiff must show that the prison official acted with "deliberate indifference" to the inmate.[69] The U.S. Supreme Court defined "deliberate indifference" in the context of Eighth Amendment violation as "subjective recklessness." Subjective recklessness means that the official has disregarded a risk of harm of which he is aware.[70] Roderick Miller has not created a genuine issue of material fact that Rick Gaston violated his Eighth Amendment right for two reasons. First, Roderick Miller has not presented any evidence that the force used against him was excessive. Second, Roderick Miller can not dispute that Rick Gaston did not act with deliberate indifference towards Roderick Miller.

Roderick Miller can not dispute that the type of force used, if any, was anything but reasonable. Ken Katsaris, who is an expert in the field of corrections and correction officers, stated that **"there is no evidence supporting Roderick Miller's assertions that excessive force was used on him while incarcerated at the Harrison County Adult Detention Center."**[71] Roderick Miller has not put forth any evidence to dispute Ken Katsaris' opinion. As such, Roderick Miller has not created a genuine issue of material fact that Roderick Miller was subjected to excessive force at all relevant times herein.

Roderick Miller has not put forth any evidence that Rick Gaston acted with "deliberate indifference" towards him, and thus Roderick Miller has not created a genuine issue of material fact that Rick Gaston violated his Eighth Amendment rights. Roderick Miller must demonstrate that Rick Gaston subjectively was aware of the misconduct that Roderick Miller complains of. In fact, an inquiry into the Rick Gaston's "state of mind" at the time of the alleged incidents herein is mandatory.[72] Because

---

[68] *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)
[69] *Farmer v. Brennan*, 511 U.S. 825 (1994)
[70] *Farmer v. Brennan*, 511 U.S. 825 (1994)
[71] W. Ken Katsaris' Report, Pp. 4, Paragraph 2 (Emphasis added)
[72] *Wilson v. Seiter*, 501 U.S. 294, 299 (1991)

Roderick Miller has not disputed any of Rick Gaston's assertions in his affidavit which state he had no knowledge of any of the incidents Miller complains of, Roderick Miller has not created a genuine issue of material fact that Rick Gaston acted with "deliberate indifference" towards him. As such, Roderick Miller has not created a genuine issue of material fact that Rick Gaston violated his Eighth Amendment rights against cruel and unusual punishment under 42 U.S.C. Section 1983.

Roderick Miller also alleges that he was denied necessary medical treatment in violation of his Eighth Amendment rights against cruel and unusual punishment. The Eighth Amendment imposes duties on prison officials to provide adequate medical care,[73] however the Constitution "does not mandate comfortable prisons."[74] Ken Katsaris, Rick Gaston's expert in the field of corrections and corrections officers, gives the following opinion regarding inmates medications:

> " ... Once arrested the removal of medications, keys, and other personal items is standard police practice. **Any request to take medications after the arrest would, and should be denied, which is, again, supported by recognized police practices for dealing with the arrested subject**. When Miller was booked into the Harrison County Adult Detention Center, all of his property was taken, inventoried, itemized on a property report, and properly returned to him when he was released. **It is standard and recognized jail practice that all medications needed while incarcerated be prescribed by the health care authority of the jail.**"[75]

Roderick Miller does not dispute that any requests he made for medications were properly denied according to standard police practice. Further, Roderick Miller has not put forth any evidence disputing Ken Katsaris' opinion that the denial of Roderick Miller's request for medication was proper. As such, Roderick Miller has not created a genuine issue of material fact that he was denied necessary medical treatment in violation of his Eighth Amendment rights against cruel and unusual punishment under 42 U.S.C. Section 1983.

**IV.    Roderick Miller has not created a genuine issue of material fact that Rick Gaston is subject to liability under 42 U.S.C. Section 1985 because Roderick Miller has not alleged racial**

---

[73] *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984)
[74] *Rhodes v. Chapman*, 452 U.S. 337,349 (1981)
[75] Affidavit of W. Ken Katsaris, Pp. 3, Paragraph D(1) (Emphasis added)

**discriminatory animus.**

The only provision applicable to Roderick Miller's claims under 42 U.S.C. Section 1985 pertain to 42 U.S.C. Section 1985(3). 42 U.S.C. Section 1985 pertains to conspiracy to interfere with civil rights. 42 U.S.C. Section 1985(1) only applies to" two (2) or more people conspir[ing] to prevent**,** by force, intimidation, or threat, any person from accepting or holding any office ... ." As such, 42 U.S.C. Section 1985(1) is not applicable here because Roderick Miller is not seeking to hold, nor does he hold public office. 42 U.S.C. Section 1985(2) only applies to deter a party or witness from attending Court. Since Roderick Miller has not asserted that Rick Gaston deterred him from attending Court, 42 U.S.C Section 1985(2) is inapplicable here.

42 U.S.C. Section 1985(3) provides that, "[i]f two or more people in any State or Territory conspire ... for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws ... the injured person may have an action for recovery of damages ... ."However, Roderick Miller's deposition testimony forecloses any recovery under 42 U.S.C. Section 1985(3) because he admits that any alleged conspiracy was not motivated in a racially discriminatory animus.

It is well established in the Fifth Circuit that the only conspiracies actionable under 42 U.S.C. Section 1985(3) are those motivated by racial animus.[76] Roderick Miller clearly stated in his deposition testimony that his allegations under 42 U.S.C. Section 1985 were not motivated by racial animus, to wit:

Q: Are you alleging that only happened to a certain gender or race?

A: **I believe it was across all races**, white, black, any race, any religion, any, you know, male or female.[77]

\*\*\*

---

[76]*Deubert v. Gulf Federal Savings Bank,* 820 F.2d 754 (5th Cir. 1987)
[77]Roderick Miller deposition, Pp. 157 (Emphasis added)

14

Because Roderick Miller does not claim that the violation under 42 U.S.C. Section 1985 were in any way motivated by racial animus, he has not created a genuine issue of material fact that there he has a viable cause of action for damages under 42 U.S.C. Section 1985.

**V.     Roderick Miller has not created a genuine issue of material fact that Rick Gaston is subject to liability under 42 U.S.C. Section 1986 because Roderick Miller has not stated a cognizable claim under 42 U.S.C. Section 1985**

Roderick Miller can not recover under 42 U.S.C. Section 1986 because he has not stated a cognizable claim under 42 U.S.C. Section 1985. If a Plaintiff has not stated a cognizable claim under 42 U.S.C. Section 1985, they may not recover under 42 U.S.C. Section 1986.[78] Because Roderick Miller had not alleged that any of the alleged violations under 42 U.S.C. Section 1985 were motivated by racial animus, he has not stated a viable claim thereunder. As such, Roderick Miller can not recover under 42 U.S.C. Section 1986.

**VI.    Roderick Miller can not maintain his state law common law tort claims for Negligence, Civil Conspiracy, Outrage, and Negligent Infliction of Emotional Distress against Rick Gaston because Rick Gaston is entitled to immunity under Miss.Code.Ann. 11-46-9(1)(m)**

Miss.Code.Ann. 11-46-9(1) enumerates several types of government conduct and entities that are immune from liability from any claim. Particularly relevant here is Miss.Code.Ann. 11-46-9(1)(m), which provides that,

> "A government entity and its employees acting within the course and scope of their employment duties shall not be liable for any claim ... [o]f any claimant
> who at the time the claim arises is an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution, regardless of whether such claimant is or is not an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution when the claim is filed."

Roderick Miller has not produced any evidence that Rick Gaston was acting outside the course or scope of his employment. Further, Roderick Miller can not dispute Rick Gaston's assertion in his affidavit which states that, at all relevant times herein, Rick Gaston was acting within the course and

---

[78]*Hamilton v. Chaffin*, 506 F.2d 904 (5th Cir. 1975) citing *Dowsey v. Wilkins,* 467 F.2d 1022 (5th Cir. 1972).

scope of his employment.[79] As such, Rick Gaston is entitled to immunity from liability under Miss.Code.Ann. 11-46-9(1)(m). In particular, Rick Gaston is immune from liability for the state law common law torts for negligence, civil conspiracy, outrage and negligent infliction of emotional distress.

## CONCLUSION

Rick Gaston is entitled to summary judgment for numerous reasons. First, Roderick Miller has put forth no evidence that Rick Gaston had knowledge or was aware of any alleged misconduct at the Harrison County Adult Detention Center, and as such, is entitled to qualified immunity. Second, Roderick Miller has not put forth any credible evidence that would support claims against Rick Gaston under 42 U.S.C. § 1983, 1985-1986. Finally, Rick Gaston is entitled to immunity from liability for any state law common law tort claims Roderick Miller alleges in his complaint. As such, Roderick Miller has not created a genuine issue of material fact as to any of the causes of action in his complaint, and thus, Rick Gaston is entitled to judgment as a matter of law pursuant to Rule 56 of the Federal Rules of Civil Procedure.

WHEREFORE, premises considered, Defendant Rick Gaston respectfully requests that this Court grant his motion for summary judgment, and dismiss this cause with prejudice, with Plaintiff to bear all costs.

RESPECTFULLY SUBMITTED this the 7th day of July 2008.

                                       **S/JIM DAVIS**
                                       JIM DAVIS
                                       Attorney for Rick Gaston

                                       **S/IAN BRENDEL**
                                       IAN BRENDEL,
                                       Attorney for Rick Gaston

## CERTIFICATE OF SERVICE

I hereby certify that on this the 7th day of July 2008, I electronically filed the foregoing Notice

---

[79] Rick Gaston Affidavit

with the Clerk of Court using the ECF system which sent notification of such filing to the following party opposite by U.S. Mail who has been furnished a copy thereof:

Michael W. Crosby, Esq.
2111 25th Avenue
Gulfport, MS 39501

John H. Whitfield, Esq.
The Law Office of John Whitfield
Post Office Box 351
Biloxi, MS   39533

Cy Faneca, Esq.
Dukes, Dukes, Keating & Faneca, P. A.
P. O. Drawer W
Gulfport, MS  39502

Karen J. Young, Esq.
Matthews Law Firm
P. O. Box 1076
Gulfport, MS  39502

SO CERTIFIED this the 7th day of July 2008.

        **S/JIM DAVIS**
        JIM DAVIS
        Attorney for Rick Gaston

        **S/IAN BRENDEL**
        IAN BRENDEL,
        Attorney for Rick Gaston

| JIM DAVIS | IAN BRENDEL |
|---|---|
| MSB #5830 | MSB #102659 |
| 1904 24thAvenue | 1904 24TH Ave. |
| Gulfport, MS 39501 | Gulfport, MS 39501 |
| Phone: 228-864-1588 | Phone: 228-864-1588 |
| Fax: 228-863-5008 | Fax: 228-863-5008 |
| E-Mail: jamesldavisiii@aol.com | Email: ian.brendel@yahoo.com |