IN THE UNITED STATES FEDERAL DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

RODERICK CLARK MILLER,

    Plaintiff,

vs.                                                         Civil Action No. 1:07cvS41LG-JMR

HARRISON COUNTY, MISSISSIPPI,
by and through its Board of Supervisors,
HARRISON COUNTY SHERIFF
DEPARTMENT, SHERIFF GEORGE
PAYNE, officially and in his individual
capacity,, DIRECTOR OF CORRECTIONS
MAJOR DIANNE GATSON-RILEY,
officially and in her individual capacity, BOOKING
SUPERVISOR CAPTAIN RICK GASTON,
officially and in his individual capacity, TRAINING
DIRECTOR CAPTAIN PHIL TAYLOR, officially
and in his individual capacity, CENTRAL CONTROL
OFFICER PRESTON WILLS, officially and in his
individual capacity, BOOKING ROOM DEPUTY
JERRED MARK NECAISE, officially and in his individual
capacity, BOOKING ROOM DEPUTY CATHERINE
PAVOLINI, officially and in her individual capacity,
AMERICAN CORRECTIONAL ASSOCIATION, and
OTHER UNKNOWN JOHN and JANE DOES A-Z,
also in their official and individual capacities,

    Defendants.
_____/

### AFFIDAVIT OF W. KEN KATSARIS

    Before me, the undersigned authority, personally appeared W. Ken Katsaris, who being duly sworn, states:

    A.    I am currently a certified Florida Law Enforcement Officer/Instructor and consultant in both Law Enforcement and Corrections. I have instructed in a wide area of

1



law enforcement and corrections subjects at the Regional Police/Corrections Academies. I also currently instruct in the nationally recognized AELE Police and Jail Liability Seminars for attorneys and agency/jail/prison commanders.

My experience includes service as both a jail and police officer for the St. Petersburg Florida Police Department, Police Officer with the Tallahassee Florida Police Department, Trooper with the Florida Highway Patrol, the elected Constitutional Sheriff of Leon County, Florida (Tallahassee), which included the management of the Leon County Jail. After leaving the office of Sheriff, I was appointed to the position of Assistant to the Secretary of Corrections for the State of Florida Department of Corrections (DOC), with liaison responsibilities to all 67 of Florida's jails.

My academic instructional background includes ten (10) years as the Department Chairman of the Criminal Justice Program at the Tallahassee Community College, Tallahassee, Florida, where I taught both corrections and law enforcement courses. I also served as Adjunct Professor in both Criminology and Social Work at the Florida State University (Tallahassee, Florida).

I am a certified use of force instructor and have taught throughout the nation consistently for over 15 years. I instruct on the use of force standards and procedures for handling jail and prison inmates. I have been retained as a consultant by jails of all sizes, including the largest jail in the country, the Los Angeles County Jail. As a litigation consultant I have been retained by both the plaintiff and defendant and have testified on use of force issues in both state and federal courts.

During the tenure of two Florida Governors, I was appointed to the position of Commissioner of the Florida Corrections Standards and Training Council where I participated in setting policy and standards for all corrections agencies and officers in Florida. Additionally, I have served as a consultant to the Florida Criminal Justice Standards and Training Commission in the development of a model basic training program for all jail and prison officers in Florida.

B. To prepare for rendering opinions, I have reviewed and largely relied upon the following materials as the basis of my opinions:

1. Complaint

2. Answer, Defenses and Affirmative Defenses of Harrison County Sheriff's Department and Sheriff George Payne, Jr., officially and in his individual capacity, Dianne Gatson-Riley, officially and in her individual capacity, Phil Taylor, officially and in his individual capacity, Preston Wills, in his official capacity only, Catherine Pavolini, officially and in his individual capacity

2



3. Pre-Discovery Disclosure of Core Information by Defendants Harrison County Sheriff's Department, Sheriff George Payne, Jr., officially and in his individual capacity, Dianne Gatson-Riley, officially and in her individual capacity, Phil Taylor, officially and in his individual capacity, Catherine Pavolini, officially and in her individual capacity, and Preston Wills, in his official capacity only

4. Plaintiff/Defendant Discovery

5. General Order #10

6. Policy and Procedures

7. Deposition of Roderick C. Miller

8. Roderick Miller Medical Records

C. The below listed opinions were formulated based on my experience, training and education in the corrections field, the standard of care recognized by Corrections Organizations and Officials throughout the U.S. as the custom and practice for the administration, management and supervision of corrections agencies and personnel. The opinions are based on my knowledge of the training of Corrections Officers throughout the U.S. in addition to my knowledge of the written standards and materials generally available for training and guiding Corrections Officers in their every day assignments.

D. Pursuant to engagement by attorneys for the Defense in the above named case, I conducted an exhaustive review of all of the above materials. As a result of the review of these materials, which I relied upon as the basis for my opinions, I render the below opinions:

1. The arrest of Roderick Clark Miller on 4-17-04 by Deputy Judy for domestic violence/simple assault, was based on evidence supporting probable cause that Miller had been involved in a battery of his live-in girl friend Veronica Hahn. Once arrested the removal of medications, keys, and other personal items is standard police practice. Any request to take medications after the arrest would, and should be denied, which is, again, supported by recognized police practices for dealing with the arrested subject. When Miller was booked into the Harrison County Adult Detention Center, all of his property was taken, inventoried, itemized on a property report, and properly returned to him when he was released. It is standard and recognized jail practice that all medications needed while incarcerated be prescribed by the health care authority of the jail.

3



2. There is no evidence supporting Roderick Miller's assertions that excessive force was used on him while incarcerated in the Harrison County Adult Detention Center. The detailed "blow by blow" description of the force allegedly used by Deputy Jerred Necaise, and Deputy Catherine Pavolini, that included unprovoked violence against him by punching, slapping, and kicking him, would have resulted in severe injuries. However, these injuries were not observed on Miller, nor did he complain about them to anyone at the jail, or for that matter to the hospital the next day when he went to the emergency room. He did have several scratches which were identified having occurred prior to his arrest. These injuries were documented by the arresting officer, by the jail during booking, and at the emergency room on April 18, 2008.

3. Both Deputy Necaise and Pavolini provided written reports of conduct displayed by Miller that reasonably required Deputy Necaise to enter Miller's cell to calm him down. Deputy Pavolini, acting according to policy, stood by the cell door. Both deputies reported that Miller, when told to step back toward the cell wall, advanced on Necaise. Aggressive resistance to verbal commands, especially in the jail setting where control is essential, must be stopped. Deputy Necaise used recognized and trained resistance control procedures to overcome Miller's advancement on Necaise. The subsequent palm strike to the chest by Necaise was met by Miller grabbing Deputy Necaise's arm. Miller was then taken to the floor with the trained and recognized application of an arm bar takedown, followed by a wrist lock to a restrained position to keep Miller from continuing to struggle and kick. When Miller ceased resisting he was left in the cell. This force use was objectively reasonable given the reported actions of Miller.

4. The policy of "Use of Force" in effect at the Harrison County Adult Detention Center was adequate and reasonable. It details options and the use of force continuum which are standard and accepted practices in law enforcement and jail operations. The policy was trained and followed by the officers in this instant case.

5. Supervision, specifically the oversight given this case, reflects that Sergeant Rogers reviewed the complaint made by Miller, and required reports to be submitted. Sheriff George Payne, Jr. required an internal affairs investigation to be conducted by investigator Ron Werby, who after evaluating the evidence and conducting interviews, concluded that the complaints made by Roderick Miller were unfounded. This conclusion, I believe, was reasonable.



E. If further discovery materials are provided, they will be thoroughly reviewed, and may have an impact on the above opinions. If this should occur, these revised/new opinions will be immediately revealed to the retaining party. I reserve the right to supplement and amend my opinions based upon additional information provided to me.

F. As an attachment I incorporate Exhibit "A", a complete curriculum vitae which cites a complete 36 year history I have as a member, instructor and consultant in the Criminal Justice field and a list of cases in which I have testified as an expert at trial or by deposition within the preceding four years. To date I have been paid $6,000.00.

Respectfully submitted this __6th__ day of May, 2008.



W. Ken Katsaris

STATE OF FLORIDA
COUNTY OF LEON

Sworn and subscribed to this 6th day of May, 2008, by W. Ken Katsaris, who is personally known to me.

Sara S. Alligood, Notary Public

My Commission Expires:

SARA S. ALLIGOOD
MY COMMISSION # DD 417586
EXPIRES: June 16, 2009
Bonded Thru Pichard Insurance Agency

5

