IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

RODERICK CLARK MILLER                                                  PLAINTIFF

VERSUS                                      CAUSE NO. 1:07cv541LG-JMR

HARRISON COUNTY, MISSISSIPPI, by and through its
Board of Supervisors, HARRISON COUNTY SHERIFF
DEPARTMENT, SHERIFF GEORGE PAYNE, officially
and in his individual capacity, DIRECTOR OF CORRECTIONS
MAJOR DIANNE GATSON-RILEY, officially and in her
individual capacity, BOOKING SUPERVISOR CAPTAIN
 RICK GASTON, officially and in his individual capacity,
TRAINING DIRECTOR CAPTAIN PHIL TAYLOR,
officially and in his individual capacity, CENTRAL
CONTROL OFFICER PRESTON WILLS, officially and in
his individual capacity, BOOKING ROOM DEPUTY JERRED
MARK NECAISE, officially and in his individual capacity,
BOOKING ROOM DEPUTY CATHERINE PAVOLINI,
officially and in her individual capacity, AMERICAN
CORRECTIONAL ASSOCIATION, and OTHER
UNKNOWN JOHN and JANE DOES
A-Z, also in their official and individual capacities             DEFENDANTS

**MOTION FOR QUALIFIED IMMUNITY AND SUMMARY JUDGMENT BY
DEFENDANTS, SHERIFF GEORGE PAYNE JR., DIANNE GATSON-RILEY,
CATHERINE PAVOLINI, PHIL TAYLOR, ALL IN THEIR OFFICIAL AND INDIVIDUAL
CAPACITIES, AND PRESTON WILLS
IN HIS OFFICIAL CAPACITY ONLY**

COME NOW, Defendants, Sheriff George Payne, Officially and in his Individual Capacity; Major Dianne Gatson-Riley, Officially and in her Individual Capacity; Captain Phillip Taylor, Officially and in his Individual Capacity; Catherine Pavolini, Officially and in her Individual Capacity; and Preston Wills, in his Official Capacity Only, by and through the law firm of Dukes, Dukes, Keating & Faneca, P.A., and file this Motion for Qualified Immunity and Summary Judgment pursuant to the Federal Rules of Civil Procedure, and would show unto this Honorable Court he following to-wit:

I.

Plaintiff, Roderick Miller filed suit on April 16, 2007, alleging claims pursuant to 28 U.S.C. §1331 and §1334 of the United States Constitution, the Constitution of the State of Mississippi, 42 U.S.C. §1983, §1985(3), §1986, and §1988.  Plaintiff also claims pendent state claims arising out of this same incident and the constitution of the State of Mississippi.  Plaintiff also seeks declaratory and injunctive relief pursuant to 28 U.S.C. Plaintiff claims that Defendants are liable to him for injuries sustained when (1) he was allegedly assaulted by HCADC booking Deputies Necaise and Pavolini in the booking department of the HCADC on April 17, 2004, and (2) he was allegedly denied access to his prescription migraine headache medicine.

II.

There is no dispute that, on April 17, 2004, Plaintiff was a pretrial detainee incarcerated at HCADC.  (See Compl. ¶3 & 6.)

III.

The Defendants named in the Complaint are Sheriff George Payne, Officially and in his Individual Capacity; Major Dianne Gatson-Riley, Officially and in her Individual Capacity; Captain Phillip Taylor, Officially and in his Individual Capacity; Catherine Pavolini, Officially and in her Individual Capacity, and Preston Wills, in his Official Capacity only. Sheriff George Payne, Officially and in his Individual Capacity; Major Dianne Gatson-Riley, Officially and in her Individual Capacity; Captain Phillip Taylor, Officially and in his Individual Capacity; Catherine Pavolini, Officially and in her Individual Capacity, and Preston Wills, in his Official Capacity Only, filed their Answer and Defenses on October 12, 2007, denying any liability for the allegations raised in the Complaint.  This matter is

presently scheduled for trial before the Court beginning on November 10, 2008.

IV.

The Complaint contains the following allegations: Count I - violation under 42 U.S.C. §1983; Count II - Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985); Count III - Action for Neglect or Failure to Prevent Conspiracy (42 U.S.C. § 1986); Count IV - Failure to Adequately Train and Supervise; Count V - Negligent Hiring, Retention and Failure to Discipline or Take Necessary Corrective Action; Count VI - Pendent State or Supplemental Claims of Civil Conspiracy, Breach of a Non-Delegable Fiduciary Duty, Common Law Tort of Outrage, Negligent Infliction of Emotional Distress and Breach of Third-Party Beneficiary Contract.

V.

Defendants, Sheriff George Payne, Dianne Gatson-Riley, Catherine Pavolini and Phil Taylor, in their Individual Capacities, hereby move the Court for qualified immunity and summary judgment on all individual capacity claims and state law claims against them. Defendants, Sheriff George Payne, Dianne Gatson-Riley, Phil Taylor, Catherine Pavolini, and Preston Wills hereby move for summary judgment on all official capacity section 1983 claims.

VI.

Based on the undisputed facts adduced during discovery, Sheriff George Payne, Dianne Gatson-Riley, Phil Taylor and Catherine Pavolini are entitled to invoke qualified immunity to the 42 U.S.C. §1983 individual capacity claims raised against them in the Complaint. The conduct of Sheriff George Payne, Dianne Gatson-Riley, Catherine Pavolini and Phil Taylor, in their individual capacity, did not violate any of Plaintiff's constitutional

rights. Even assuming Sheriff George Payne, Dianne Gatson-Riley, Catherine Pavolini and Phil Taylor did commit a violation of Plaintiff's constitutional rights, their conduct was objectively reasonable in light of the circumstances and clearly established constitutional law, entitling them to qualified immunity. In the alternative, even assuming Sheriff George Payne, Dianne Gatson-Riley, and Phil Taylor were not entitled to qualified immunity in their individual capacity, they are nevertheless entitled to summary judgment on the merits of the individual capacity claims against them since, based on the undisputed facts, Plaintiff cannot establish any individual liability on the part of Sheriff George Payne, Dianne Gatson-Riley, Catherine Pavolini or Phil Taylor.

VII.

Plaintiff's section 1983 official capacity claims against Sheriff George Payne, Dianne Gatson-Riley, Phil Taylor, Catherine Pavolini and Preston Wills are essentially claims against the office of the Sheriff of Harrison County, since official capacity claims are in reality suits against a governmental entity or office and not against the individual officer. Plaintiff's official capacity section 1983 claims are subject to dismissal because Plaintiff cannot prove that he suffered a violation of his federal constitutional rights, nor can he point to the existence of a policy, custom, or practice of the Harrison County Sheriff's Office that was the "moving force" which caused him any constitutional deprivation.

VIII.

All of Plaintiff's pendent State law claims, in Counts 4 through 6 of the Complaint, are subject to dismissal pursuant to the Mississippi Tort Claims Act, Miss. Code Ann. §11-46-1, et seq, since there is no dispute that, at all times relevant to the Complaint, Plaintiff was a pre-trial detainee incarcerated at HCADC. Therefore, all of his State law claims are

barred by section 11-46-9(1)(m) of the Tort Claims Act, which prohibits suits by inmates of jails or other detention facilities.

IX.

In support of this Motion, Sheriff George Payne, Dianne Gatson-Riley, Phil Taylor, Catherine Pavolini and Preston Wills rely upon the following exhibits, which are attached hereto and fully incorporated herein by reference:

| | | |
|---|---|---|
| Exhibit "A" | - | Affidavit of Donald Cabana |
| "A1" | - | Relevant Portions of Roderick Miller's Inmate Records |
| "A2" | - | HCADC Medical Screening Records of Miller |
| Exhibit "B" | - | Affidavit of George Payne |
| "B1" | - | IA Report 2004-13 |
| "B2" | - | HCADC Policy and Procedures Directive - Use of Force |
| "B3" | - | HCADC Policy and Procedures Directive - Use of Restraints |
| "B4" | - | General Order #10 - Weapons & Use of Force |
| "B5" | - | HCADC Policy and Procedures Directive - Health Care Services |
| "B6" | - | General Order # 65 - Professional Standards Unit |
| "B7" | - | General Order #62 - Employee Discipline |
| "B8" | - | General Order #44 - Corrective Measures |
| Exhibit "C" | - | Affidavit of Ron Werby |
| "C1" | - | IA Report 2004-013 |
| "C2" | - | Necaise Narrative dated April 18, 2004 |
| "C3" | - | Pavolini Narrative dated April 18, 2004 |

| | | |
|---|---|---|
| "C4" | - | Rogers Narrative dated April 18, 2004 |
| "C5" | - | Plaintiff's Booking Photo |
| "C6" | - | Plaintiff's Inmate Personal Property Inventory |
| "C7" | - | Offense Form - Incident No. 04-27837 |
| Exhibit "D" | - | Affidavit of Catherine Pavolini |
| "D1" | - | Pavolini Narrative dated April 18, 2004 |
| Exhibit "E" | - | Affidavit of Coley Judy |
| "E1" | - | Uniform Arrest/Booking Form |
| Exhibit "F" | - | Records Custodian, Paula Hentges |
| "F1" | - | Training Records of Jerred M. Necaise |
| "F-2" | - | Training Records of Catherine Pavolini |
| "F-3" | - | Training Records of T. Preston Wills |
| Exhibit "G" | - | Medical Records from Biloxi Regional Medical Center |
| Exhibit "H" | - | Excerpts from Plaintiff's Deposition |
| Exhibit "I" | - | Expert Report of Ken Katsaris |

Defendant further relies upon his Memorandum of Authorities being filed with the Court contemporaneously herewith.

WHEREFORE, PREMISES CONSIDERED, Defendants, Sheriff George Payne, Officially and in his Individual Capacity; Major Dianne Gatson-Riley, Officially and in her Individual Capacity; Captain Phillip Taylor, Officially and in his Individual Capacity; Catherine Pavolini, Officially and in her Individual Capacity; and Preston Wills, in his Official Capacity Only, file this his Motion for Qualified Immunity and Summary Judgment since, based on the undisputed facts, they are entitled to qualified immunity and judgment

as a matter of law.

Defendants Sheriff George Payne, Dianne Gatson-Riley, Phillip Taylor, Catherine Pavolini, and Preston Wills, all in their official capacities, file this Motion for Summary Judgment, as they are entitled to Summary Judgment in their official capacities as a matter of law. Further, these Defendants, in their official capacities, file this Motion for Summary Judgment as to punitive damages in their official capacities, as all official capacity claims against them are, as a matter of law, effectively made against Harrison County, and punitive damages are not allowed against a municipality under 42 U.S.C. §1983.

These Defendants respectfully request that, upon all issues having been duly considered, this Honorable Court will grant his Motion and dismiss this Civil Action with prejudice. Defendants pray for such other and further relief as this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED, this the 7th day of July, 2008.

> HARRISON COUNTY SHERIFF'S DEPARTMENT, SHERIFF GEORGE PAYNE, JR., OFFICIALLY AND IN HIS INDIVIDUAL CAPACITY, DIANNE GATSON-RILEY, OFFICIALLY AND IN HER INDIVIDUAL CAPACITY, PHIL TAYLOR, OFFICIALLY AND IN HIS INDIVIDUAL CAPACITY, CATHERINE PAVOLINI, OFFICIALLY AND IN HER INDIVIDUAL CAPACITY, AND PRESTON WILLS, IN HIS OFFICIAL CAPACITY ONLY

BY: DUKES, DUKES, KEATING & FANECA, P.A.

BY: *s/Cy Faneca*
Cy Faneca

CY FANECA,  MSB #5128
JOE GEWIN, MSB #8851
HALEY BROOM, MSB #101838
DUKES, DUKES, KEATING & FANECA, P.A.
2909 - 13TH STREET, SIXTH FLOOR
POST OFFICE DRAWER W
GULFPORT, MISSISSIPPI 39502
TELEPHONE - (228) 868-1111
FACSIMILE - (228) 863-2886

## **CERTIFICATE OF SERVICE**

I, Cy Faneca, do hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

    Michael W. Crosby
    2111 25th Avenue
    Gulfport, Mississippi  39501

    Joseph Meadows, Esq.
    Post Office Drawer 550
    Gulfport, Mississippi  39502

    Jim Davis, Esq.
    Post Office Box 1839
    Gulfport, MS 39502

    George D. Hembree, III
    Post Office Drawer 22949
    Jackson, Mississippi 39225-2949

This, the 7th day of July, 2008.

                                          *s/Cy Faneca*
                                          Cy Faneca