# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **RODERICK CLARK MILLER** | § | **PLAINTIFF** |
| | § | |
| v. | § | **CAUSE NO. 1:07CV541 LG-JMR** |
| | § | |
| **THOMAS PRESTON WILLS, ET AL.** | § | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER

BEFORE THE COURT are the Motion [95] for Summary Judgment and the Motion [97] to Dismiss filed by Defendant Thomas Preston Wills. The Plaintiff did not file a response to either Motion. After due consideration of the submissions[1] and the relevant law, it is the Court's opinion that the Motion for Summary Judgment should be granted in part and denied in part, and the Motion to Dismiss should be granted.

### FACTS

Plaintiff Miller complains about being beaten by two officers, Defendants Catherine Pavolini and Jarred Mark Necaise, at the Harrison County Adult Detention Center after he was arrested April 17, 2004 on a misdemeanor charge. The specific allegations about Wills are, first, that Wills observed other Harrison County officers abuse him but did nothing to stop them. The Court has previously determined that there is a question of fact as to whether Miller was abused and suffered excessive force. The Court incorporates by reference its prior opinions. During his deposition, Miller testified that officers Pavolini and Necaise were kicking and punching him while he was on the ground. Miller asked them to stop, but Necaise responded, "I'm going to kill

---

[1] Although Wills asks for summary judgment on a Section 1983 denial of medical care claim, no such claim was brought against him. Therefore the Court did not consider this issue.

you, [expletive], I'm going to kill you." (Miller Dep. at 111). Miller said that he saw Wills watching the beating. Immediately after the assault, Miller mouthed or gestured to Wills, "you saw him beat me up." *Id.* at 113. Wills responded affirmatively through the glass, and also indicated that he was going to beat Miller himself. "[Wills] shook his head yes and he flipped me off with his middle finger and he was laughing. And he . . . pointed to himself and he [mouthed], I'm going to punch you, beat you up, and he was laughing." *Id.*

Miller brings claims against Wills pursuant to 42 U.S.C. §§ 1983, 1985 and 1986. In addition, he alleges state law claims of civil conspiracy, breach of non-delegable duty, outrage, and negligent infliction of emotional distress.

## DISCUSSION

THE STANDARDS OF REVIEW

*1) Federal Rule of Civil Procedure 12(b)(6)*:

To survive a Rule 12(b)(6) motion to dismiss, Miller must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). This does "not require heightened fact pleading of specifics." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555-56. The Court must view the facts in favor of the plaintiff. *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002).

The complaint need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Bell Atlantic*, 550 U.S. at

555) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

      *2) Federal Rule of Civil Procedure 56*:

      Summary judgment is mandated against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party has the burden of proof at trial. FED. R. CIV. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Factual controversies are resolved in favor of the nonmoving party, but only when there is an actual controversy; that is, when both parties have submitted evidence of contradictory facts. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Miller has not submitted any argument or evidence in opposition to Wills's Motion. Nevertheless, Wills has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the Court may not grant the Motion, regardless of whether any response was filed. *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).

SECTION 1983 CLAIMS

      Wills asserts the defense of qualified immunity to Miller's Section 1983 claims. Wills moves for summary judgment, arguing that words and threats do not amount to a constitutional violation, and in any event, Wills did not use any force on Miller. A government official performing discretionary functions is entitled to qualified immunity unless his conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Bush v. Strain*, 513 F.3d 492, 500 (5th Cir. 2008) (citation omitted). There are two steps in the qualified immunity analysis: (1) the court first determines whether the plaintiff has alleged the violation of a statutory or constitutional right; (2) the court then determines whether the defendant's actions violated "clearly established statutory or constitutional rights of which a

reasonable person would have known." *Id*.

There are active and passive elements to Miller's allegations against Wills. The active element is Wills's threat to harm Miller. However, a section 1983 claim only accrues when the threats or threatening conduct result in a constitutional deprivation. Threats alone are not enough. *Lamar v. Steele*, 698 F.2d 1286, 1286 (5th Cir. 1983). Accordingly, Miller's complaints regarding Will's words spoken from the control room are not actionable under § 1983.

It is Wills's alleged failure to act that gives rise to a viable section 1983 claim under the theory of bystander liability. "[A]n officer who is present at the scene and does not take reasonable measures to protect a suspect from another officer's use of excessive force may be liable under section 1983 [for the excessive use of force by another officer under the theory of bystander liability]." *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995) (citations omitted). Although mere presence at the scene, without more, does not give rise to a bystander liability claim or create a genuine issue of material fact for trial, *Vasquez v. Chacon*, No. 3:08-cv-2046-M (BH) 2009 WL 2169017, * 6 (N.D. Tex. July 20, 2009), Miller has alleged and testified that Wills watched at least part of the beating and did not intervene. Wills's statement and conduct to Miller afterward provides evidence of Wills's awareness of the excessive nature of the force used by the other officers.[2] That a constitutional violation occurs when an officer fails to take reasonable measures to protect a detainee from another officer's use of excessive force is well established. *See Hale*, 45 F.3d at 919. Wills's alleged failure to intervene in the beating

---

[2] Although Wills argues that Miller was unable to hear him through the glass and therefore can only speculate about what he said from the control room, the Court notes that Miller may permissibly testify about what he observed, just as he may testify about what he heard.

administered by other HCADC officers was therefore objectively unreasonable. Wills is not entitled to the defense of qualified immunity in regard to Miller's claim for violation of § 1983 on a theory of bystander liability. *Salas v. Carpenter*, 980 F.2d 299, 305-06 (5th Cir. 1992). Further, Wills has failed to show that there is no question of material fact for the jury. Accordingly, summary judgment will be denied.

SECTION 1985 CONSPIRACIES

Miller purports to bring conspiracy claims under Section 1985. Wills argues that the Complaint insufficiently states a conspiracy claim under any provision of Section 1985 and requests dismissal pursuant to FED. R. CIV. P. 12(b)(6).

Section 1985 provides a cause of action for several types of conspiracies, under subsections one through three. 42 U.S.C. § 1985. Miller does not expressly cite to the portion or portions of Section 1985 on which he relies. Wills first argues that the Complaint fails to state a Section 1985(1) claim, because it does not allege he conspired to interfere with a federal official's performance of his duties. Subsection one provides:

> If two or more persons in any State . . . conspire to prevent, *by force, intimidation, or threat*, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof; *or to induce by like means* any officer of the United States to leave any State, district or place, where his duties as an officer are required to be performed, *or to injure him in his person or property* on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties
> . . .
> the party so injured . . . may have an action for the recovery of damages, occasioned by such injury . . . against any one or more of the conspirators.

42 U.S.C. § 1985(1), (3) (emphasis added).

The Complaint alleges that Wills conspired with others to abuse Miller and conspired to conceal the abuse. It is alleged that, "the conspiracy to interfere with the Plaintiff's civil rights manifested itself in the preparation of false reports, the failure to allow the Plaintiff a phone call to contact his family, employer and/or allow him the privilege to contact a bondsman . . ." (Compl. 15 (¶35)). Wills's part in the conspiracy is alleged to have been that he "remained at the Booking Room Control Station, observing everything that was going on in cell #5 of the booking area and did nothing to stop the beating nor to summon anyone else to intervene." *Id*. at 14 (¶33). There is no allegation, however, that this included a conspiracy to use force, intimidation, or threat of a federal official, or to injure a federal officer's person or property. Therefore, the Complaint does not state a claim under subsection one.

Subsection two prohibits conspiracies to interfere with federal and state court proceedings. 42 U.S.C. § 1985(2). It specifically prohibits conspiracies between:

> two or more persons in any State . . . to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified . . .; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State . . . with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws[.]

42 U.S.C. § 1985(2). The Complaint does not allege that Miller was a party or witness in a federal court proceeding. There is no allegation that he was injured for having testified or attended a federal court proceeding. As for the state court proceeding portion of this statute, it requires a showing of racial or other class-based animus. *Daigle v. Gulf State Utils. Co.*, 794

F.2d 974, 979 (5th Cir. 1986). For the reasons discussed below, he does not allege any racial or class-based animus behind the conspiracy. Further, he does not allege that he was injured while trying to protect the equal rights of others. Therefore the Complaint does not state a claim under subsection two.

Finally, subsection three prohibits conspiracies "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws," or to prevent another from voting or advocating in a federal election. 42 U.S.C. § 1985(3). Again, a conspiracy to deprive another of the equal protection of the laws, requires a showing that "some racial, or class-based discriminatory animus lay behind the conspiracy." *Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 270 (5th Cir. 2001). "It implies that the decisionmaker . . . selected or reaffirmed a particular course of action at least in part 'because of,' . . . its adverse effects upon an identifiable group." *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 271-72 (1993). Some Fifth Circuit cases only accept racial claims under this provision. *Horaist*, 255 F.3d at 271 n.12; *Bryan v. City of Madison*, 213 F.3d 267, 276 (5th Cir. 2000); *Newberry v. E. Tex. State Univ.*, 161 F.3d 276, 281 n.2 (5th Cir. 1998); *Deubert v. Gulf Fed. Savs. Bank*, 820 F.2d 754, 757 (5th Cir. 1987). *Deubert* held, "*it is well-established* in this circuit that the only conspiracies actionable under section 1985(3) are those motivated by racial animus." *Id.* (emphasis added). However, *Deubert* did not address its contemporary cases which held otherwise. For example, one such case held, "*It is well-settled* law that discriminatory animus behind an alleged violation of section 1985(3) must be racially based or in some other way class-based." *Galloway v. Louisiana*, 817 F.2d 1154, 1159 (5th Cir. 1987) (emphasis added). These other Fifth Circuit cases require a class that is based on an "inherited or immutable

characteristic," political belief, or association. *Sullivan v. County of Hunt*, 106 Fed. Appx. 215, 220 (5th Cir. 2004); *Hamill v. Wright*, 870 F.2d 1032, 1037-38 (5th Cir. 1989); *McLean v. Internat'l Harvester Co.*, 817 F.2d 1214, 1219 (5th Cir. 1987) (scapegoat employees not protected class, because it "does not possess discrete, insular and immutable characteristics similar to race, national origin or sex"); *Galloway*, 817 F.2d at 1159; *Kimble v. D.J. McDuffy, Inc.*, 623 F.2d 1060, 1066 (5th Cir. 1980). Of course, none of these cases found the allegations of non-racial animus at issue to be sufficient.

Under either view, the allegations of Miller's Complaint are insufficient to state a claim under section 1985. He contends that the conspiracy permitted or encouraged abuse of "detainees who may have 'talked too much' or 'annoyed or inconvenienced' the booking room deputies." Compl. 15 (¶34). He further alleges that Harrison County officers abused "all races and both genders." *Id*. at 6 (¶9). These allegations, taken as true, do not state a conspiracy motivated by race, another inherited or immutable characteristic, political belief, or association. *Accord*, *Burkett v. City of El Paso*, 513 F. Supp. 2d 800, 822 (W.D. Tex. 2007) ("those arrested by the El Paso Police Department" not sufficient to allege racial or class-based animus under Section 1985(2)).

Further there is no allegation that the conspiracy was to prevent another from voting or advocating in a federal election. Therefore the Complaint fails to state a claim under Section 1985(3).

SECTION 1986

Wills asks for dismissal of the Section 1986 claim pursuant to FED. R. CIV. P. 12(b)(6). Section 1986 provides:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in [Section 1985], are about to be committed, and having power to prevent or aid in preventing the commission of same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured.

42 U.S.C. § 1986. In other words, the existence of a Section 1985 conspiracy is an element of the Section 1986 claim. Because Miller has failed to plead this element, he has not stated a Section 1986 claim.

<u>STATE LAW CLAIMS</u>

Finally, Miller advances state law claims against Wills for civil conspiracy, breach of non-delegable duty, outrage, and negligent infliction of emotional distress. Wills argues he is immune from these claims, because he was acting within the course and scope of his employment pursuant to the inmate exception.

The Mississippi Tort Claims Act provides that:

> governmental . . . employees acting within the course and scope of their employment or duties shall not be liable for any claim . . . [o]f any claimant who at the time the claim arises is an inmate of any detention center, jail, . . . regardless of whether such claimant is or is not an inmate of any detention center, jail . . . when the claim is filed.

Miss. Code Ann. § 11-46-9(1)(m) (2008). This is known as the inmate exception. "Inmate," under this statute, includes pre-trial detainees who have not yet bonded out. *Love v. Sunflower County Sheriff's Dep't*, 860 So. 2d 797, 800-01 (¶¶6-8) (Miss. 2003). This provision applies only to negligent, non-intentional conduct. *Lee ex rel. Lawson v. Thompson*, 859 So. 2d 981, 987 (¶16) (Miss. 2003). Mississippi law does not recognize immunity for the intentional acts of government employees. To the extent that Miller alleges Wills was negligent (for negligent infliction of emotional distress, and breach of non-delegable duty), Wills is entitled to immunity.

To the extent that Miller alleges Wills engaged in a civil conspiracy, outrage, and intentional breach of non-delegable duty, Wills is not entitled to immunity.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [95] for Summary Judgment is **GRANTED** pursuant to FED. R. CIV. P. 56 in regard to Plaintiff's Section 1983 claim of a threat and state-law claims of negligence and **DENIED** in all other respects.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Motion [97] to Dismiss is **GRANTED**. Plaintiff's claims under 42 U.S.C. §§ 1985 and 1986 are **DISMISSED** without prejudice pursuant to FED. R. CIV. P. 12(b)(6).

**SO ORDERED AND ADJUDGED** this the 29th day of July, 2010.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE